BURKE, Respondent, vs. THE MILWAUKEE, LAKE SHORE & WESTERN RAILWAY COMPANY, Appellant.

*October 27 — November 15, 1892.*

*Pleading: Money obtained by false representations: Ratification.*

1. An allegation that defendant had and received of plaintiff a certain sum of money for the use of plaintiff, negatives a voluntary gift.
2. After examining the accounts of a station agent, an auditor of the defendant company assured plaintiff that there was a shortage of $600 only, that payment of that amount would make the accounts straight and satisfactory, and that if it were paid the station agent

would not be discharged. Relying on this representation, plaintiff contributed $200 to make up the said amount (the balance being contributed by others), which was paid directly to the company. The station agent took no part in this negotiation. Afterwards it was discovered that the shortage was about $1,200, and the station agent was discharged. The company, however, refused to repay to plaintiff the $200. *Held*, that the money was obtained by the company by the false representation of its auditor as to the amount of the shortage, and that plaintiff was entitled to recover it, although the auditor believed his statement to be true when he made it.

3. The refusal of the company to repay the $200 was a ratification of the acts of the auditor in making the representation.

APPEAL from the Circuit Court for *Marathon* County. The facts are sufficiently stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Silverthorn, Hurley, Ryan & Jones*, attorneys, and *Alfred L. Cary* and *Bradley G. Schley*, of counsel, and oral argument by *Mr. Cary*. They contended, *inter alia*, that the promise made by the defendant's auditor that the station agent would not be discharged cannot bind the defendant. *Kelly v. Troy F. Ins. Co.* 3 Wis. 254; *National L. Ins. Co. v. Minch*, 53 N. Y. 144–150; 1 Am. & Eng. Ency. of Law, 423. The acceptance and retention of the money advanced by plaintiff was not a ratification of the unauthorized acts and statements of the auditor. Ratification to be binding must be made with a full knowledge of all the material facts. *Dodge v. McDonnell*, 14 Wis. 553–558; *Ætna Ins. Co. v. N. W. I. Co.* 21 id. 458, 464; *Ladd v. Hildebrant*, 27 id. 135–144.

For the respondent there was a brief by *Brown & Pradt*, and oral argument by *Neal Brown*.

ORTON, J. One Sky Verbeck was station agent of the appellant company at Wausau, in this state, in March, 1889. One Merrill was traveling auditor of the company, whose business it was to visit station agents and look into the

state of their accounts with the company. He found Verbeck behind about $600 in his business with the company. They both together called upon the respondent, and Merrill told him that one Clayton and one Alexander had consented to contribute $200 each towards making up such shortage of Verbeck, if he, the respondent, would also pay $200. Merrill assured him that Verbeck only owed the company $600, and no more; and if he would so contribute $200 with the other two friends of Verbeck, the matter would be adjusted, and Verbeck's accounts with the company would be straightened out, and his standing as station agent would not be impaired. The respondent hesitated until again assured by Merrill that $600 only was needed to pay up the shortage of Verbeck, and then reluctantly consented to contribute $200, with the others, for such purpose. Alexander paid his $200 in money, and the respondent, together with Clayton, Merrill, and Verbeck, 'went to the Marathon County Bank, and explained the matter to the cashier; and it was arranged that the respondent and Clayton should give their joint note to the bank, payable in thirty days, and the bank should give the company a draft for the amount, or the sum of $400. The note was afterwards paid before due. It was afterwards ascertained that Verbeck's defalcation was $1,200, instead of $600, and he was at once removed from his office on that account. Thus the object and consideration of the respondent's contribution entirely failed. It may be presumed that he would not have joined in the contribution if he had not been assured by Merrill, the auditor, that $600 only was needed to pay the debt of Verbeck to the company and save his standing as station agent.

These are the main facts upon which this suit is brought against the company for the $200, as for money had and received. The company received the money, and was informed of the facts both by Merrill and the respondent;

and the respondent demanded the money he had so paid of
the company, which was refused. The action is based upon
the false representation as to the amount of Verbeck's in-
debtedness to the company, by which the $200 of the re-
spondent's money was obtained. The complaint is, in short
form, "that the defendant had and received of the plaintiff
the sum of $200 for the use of the plaintiff, wholly without
consideration whatever from any person," and a demand of
the money was made and refused. The jury found a spe-
cial verdict of substantially the above facts of the false rep-
resentation, and that the respondent believed it to be true
and paid the $200 to the company by reason of such belief;
and that the money was not a loan to Verbeck or advanced
on his responsibility. There were two other representa-
tions proved and found. One was that, if the $600 was so
paid for Verbeck, he should retain his place as station
agent; and the other was that there were unpaid freight
bills of about $600 which Verbeck could make available in
repaying the said $600. The first was not a representation,
but a *promise*, and the other is not material. It is not dis-
puted that Merrill falsely represented to the respondent
that Verbeck owed only $600 to the company, and that the
payment of that amount would make his accounts straight
and satisfactory, and that the respondent relied upon its
truth, and it was the inducement of the payment. That is
sufficient, so far as the facts are concerned.

1. There was a demurrer to the complaint *ore tenus*. It
is contended by the learned counsel of the appellant that
the complaint does not negative a voluntary gift of the
money. The complaint alleges that the money was re-
ceived "for the use of the plaintiff." This negatives a gift.
The complaint appears to be a good common count for
money had and received. In *Grannis v. Hooker*, 29 Wis.
65, such a complaint was held good and sufficient to allow
proof that the money was obtained by false and fraudulent
representations.

2. It is contended that the company did not obtain the money, and that it was advanced by the plaintiff, as the friend of Verbeck, to him and for his benefit. This does not seem to be the legal effect of the transaction, and the jury negatived the fact. The negotiation was conducted, as well as the representations made, by Merrill on behalf of the company. Verbeck did nothing and said nothing. Merrill, as auditor of the company, had examined Verbeck's books, accounts, and vouchers for himself, and claimed to be sure that $600 was the only shortage, and so represented it to the plaintiff to get him to contribute the $200. The company was interested to the extent of $600, which Verbeck was unable to pay; and the money was paid directly to the company. There is no evidence that Verbeck borrowed the money, or was trusted for it, or agreed to repay it. It was, of course, intended as a favor to Verbeck, to save him from a threatened defalcation to the company, and this makes the representation of the amount so material. The company obtained $200 from the plaintiff by such a misrepresentation, which it would not have otherwise obtained, and has had the benefit of it. But it would scarcely make any difference if the plaintiff had paid the money to Verbeck and Verbeck had paid it to the company, by the inducement of such a false representation. Even a disinterested third person may be held liable for his false representation, by which an insolvent person obtains the goods of another. The liability depends upon the fraud. *Law v. Grant*, 37 Wis. 548.

3. It is contended that at the time Merrill supposed that $600 was all that was due, and it was by subsequent discovery that it was ascertained that Verbeck's shortage was twice that amount. That may be, but that does not relieve Merrill from the charge of making the false representation that no more than the $600 was due. He should have been certain of the fact before he so represented it. He claimed

Burke vs. The Milwaukee, Lake Shore & Western R. Co.

to know, and must be presumed to have known, the truth of his statement, for this obtained the money of the plaintiff. When the company afterwards ascertained that such was not the fact, and that $600 would not relieve Verbeck of his indebtedness, and that it was at least twice as much, in equity and good conscience it should have paid back the money obtained by the false representation, and by the same rule the plaintiff is entitled to recover it. There was no condition or reservation in the statement that it might be more than $600. It was only because it was ascertained by the positive statement of Merrill that the $600 would relieve Verbeck that the plaintiff consented to contribute his $200.

4. It is contended that the receipt and retention of the money by the company was no ratification of the agency of Merrill to make such a representation. The company refused to pay back the money on the demand of the plaintiff, after having been informed of all the circumstances attending its payment, by Merrill, as well as by the plaintiff. But, "if one accepts the benefits of a contract made in his name by a person professing to act as his agent, he cannot object to evidence of fraudulent representations made by him in procuring the same, on the ground that he was not his agent, or that the representations were not authorized by him." *Morse v. Ryan*, 26 Wis. 356.

These are all the contentions of the learned counsel of the appellant, except such as relate to the other two representations, one of which, as we have seen, is a mere promise, and the other is immaterial. This would seem to be a very plain case in the law, as well as in justice and equity.

*By the Court.*— The judgment of the circuit court is affirmed.