STATE EX REL. CITY OF SUPERIOR, Respondent, vs. DULUTH & SUPERIOR BRIDGE COMPANY, Appellant.

*March 12—April 6, 1920.*

*Municipal corporations: Limits of power to make contracts: Authority to acquire easements for street purposes: Mandamus to compel bridge company to repair approach to bridge.*

1. A contract by which a bridge company granted to the city of Superior an easement for a street over a strip of land leading from a public street to the approach of its bridge, and which obligated the city to maintain the roadway over the land, was beyond the powers conferred on the city and void, and gave the city no easement, where the strip was not dedicated as a street and the city did not lay out a street as provided in its charter.

2. Agents, officers, or even the city council of a municipal corporation cannot bind it by the assumption of powers not granted to it in express words or necessarily and fully implied in or incidental to the powers expressly granted, or essential and indispensable to its declared objects and purposes.

3. Where the bridge company's refusal to repair the roadway was based on the void contract imposing such duty on the city, and it does not appear that the bridge company would refuse to keep the roadway in repair if not relieved of such duty by the contract, there was no such refusal to perform its legal obligations as entitled the city to compel performance by *mandamus*.

4. *Mandamus* will not lie to compel the company to pave and maintain the roadway in accordance with the city's demands, as the company might adopt a sufficient and appropriate manner of maintaining the roadway wholly different from that sought by the city.

APPEAL from a judgment of the circuit court for Douglas county: W. R. FOLEY, Circuit Judge. *Reversed.*

This action was brought by the city of *Superior* against the *Duluth & Superior Bridge Company* for a writ of *mandamus* to compel the defendant to pave a certain piece or strip of land described as the driveway between the bridge approach and Main street, Connors Point, in the city of *Superior,* and to pay the cost thereof. A map of the land concerned is attached for reference.

The petition for the writ alleges, in substance, that the
*Duluth & Superior Bridge Company* was organized under
the laws of this state to construct a bridge and approaches
thereto over the St. Louis river between Wisconsin and
Minnesota, and to operate the same as a means of traffic
and communication by persons and traffic on foot, and by
carriage, team, auto, street cars and steam cars; that in 1904
the company secured an act to be passed by Congress which
authorized said company and its successors in interest to
construct and maintain and operate a bridge and approaches
thereto over the St. Louis river between the states of Wis-
consin and Minnesota, extending from the northerly end
of Connors Point, in Wisconsin, to Rice's Point, opposite, in
the state of Minnesota; that the land on Connors Point in
the state of Wisconsin and on Rice's Point in the state of
Minnesota, in and for a long time prior to said time, was
platted, and there was a public street and highway built, laid
out, and extending lengthwise of said point; that the act
of Congress authorized the *Bridge Company* to construct
and maintain the bridge from such points between Connors
and Rice's Point as the *Bridge Company* might select and
determine; that, acting under and by authority of this act
of Congress, the *Bridge Company* built and constructed a
bridge and approaches thereto from a point selected by it
on Rice's Point to a point selected by it on Connors Point,
and through and by virtue of condemnation proceedings ac-
quired land to approach the bridge and connecting it with
Main street on Connors Point, at a point some distance from
the end of Connors Point, and from the end of said platted
street, and improved such bridge and approach thereto con-
necting the same with said Main street on Connors Point;
that thereafter said bridge and approaches thereto, includ-
ing the strip of land so condemned over and through private
property from the end of the bridge structure to and con-
necting with Main street at the point selected by the *Bridge
Company,* have been largely used for traffic for and by dif-

ferent means of traffic by the people as a highway between the city of *Superior* and the city of Duluth; that the bridge and approaches thereto, including the connecting link with Main street on Connors Point, have been so used by the *Bridge Company* as a toll bridge, and said company has charged and collected toll and consideration for all persons and traffic across and over the same, and still so charges and will continue to charge such toll, and that said means of traffic and transportation are of large benefit and pecuniary advantage to the city of *Superior* and the inhabitants thereof.

The petition further alleges that said driveway connecting Main street with the bridge, which was so condemned for public travel, is owned by the *Bridge Company,* is narrow and has located thereon street-car tracks, and is used for public travel by the public on foot, by automobile, teams, and street car, and other methods and means of transportation, and is the only course of travel between the cities of *Superior* and Duluth; that the approach between Main street and said bridge structure was paved or improved with gravel pavement, which has become so worn and out of repair that it is almost impossible and dangerous for use of the public; that it is the duty of the *Bridge Company* to pave and make safe the approach and connection with Main street; that the *Bridge Company* has failed and refused to perform this duty; that the city of *Superior* has no authority to expend public funds for the improvement or maintenance of the bridge or approaches thereto, including said driveway between Main street and the bridge proper, which is private property and is owned by the *Bridge Company.* The petitioner prays for a peremptory writ of *mandamus* commanding the *Duluth & Superior Bridge Company* to pave, improve, and otherwise maintain this roadway.

The return of the defendant sets up, among other things, a contract made in 1904 between the city and the *Bridge Company* whereby the *Bridge Company* agreed to furnish

the gravel for paving this strip or driveway and also Main street up to the end of this driveway, and the city agreed to spread the gravel and to exempt the *Bridge Company* from street improvement assessments.

The *Bridge Company* claims that such contract requires the city forever to maintain, including repaving when necessary, this driveway to the bridge without cost to the *Bridge Company,* defendant, however, reserving the right to terminate such use at any time by giving ninety days' notice. The return further alleges that since November, 1904, the city of *Superior* has, pursuant to the rights thus granted to it by defendant over its land, maintained said street and tract of land for public travel, and has improved the same at various times; that in 1918 the city commenced proceedings to pave and did pave Main street on Connors Point, the entire distance from Lamborn avenue west, not only to the junction between the licensed strip, but also for a distance of 256 feet over and upon the land of the *Bridge Company,* without assessing the cost thereof to the *Bridge Company;* that the city instituted and has now pending a regular statutory proceeding for the paving of the entire balance of the licensed strip and charging the cost thereof to the benefited property owners.   The return also claims that under the act of Congress authorizing the construction of the bridge it is provided that the War Department especially reserved the right at any time to require or order any change in the bridge, structure, or approaches at the expense of the owner thereof, and that any litigation concerning any question arising out of the charter or the operation of the bridge should be tried before the circuit court of the United States in whose jurisdiction any part of the bridge is located; that this court has no jurisdiction to try and determine any question affecting the construction, repair, maintenance, or improvement of the approach or approaches, and because of this the action should be dismissed.

The case was tried before the court.   The court found

288 SUPREME COURT OF WISCONSIN. [Apr.

State ex rel. Superior v. Duluth & S. B. Co. 171 Wis. 283.

that it is the duty of the defendant *Bridge Company* to maintain the traveled roadway on this strip of land from Main street to its bridge in a proper state of repair for public travel; that the contract entered into between the city and the defendant *Bridge Company* in 1904 is null and void in so far as it attempted to obligate the city to maintain the roadway over the strip of land, as such duty rested on the *Bridge Company* and was beyond the power of the city authorities to assume by contract; that the city had no authority to improve this strip at the expense of the owners of the abutting property or to expend public moneys therefor, and that the proceedings instituted for such purpose are void. Judgment was entered awarding a peremptory writ requiring the *Bridge Company* to pave and maintain such driveway. From this judgment the defendant appeals.

For the appellant there were briefs by *J. A. Murphy* and *H. G. Pickering,* both of Superior, and oral argument by *Mr. Pickering.*

For the respondent there was a brief by *R. I. Tipton* and *T. L. McIntosh,* both of Superior, and oral argument by *Mr. McIntosh.*

SIEBECKER, J. The principal issues raised in this action turn on the effect of the contract between the city of *Superior* and the *Bridge Company.* As appears by the above statement of the facts involved in this litigation, the alleged contract was made to relieve the *Bridge Company* from maintaining the driveway between the points where the approach contacts at grade with the strip in question and the point where it intersects Main street, and to exempt the *Bridge Company's* property abutting on the strip from special street improvement assessments.

We think the appellant correctly claims that the contract as made, under the circumstances then existing, clearly indicates that the parties intended that the city was to acquire a right in the nature of an easement for a street over this

State ex rel. Superior v. Duluth & S. B. Co. 171 Wis. 283.

strip for the use of the public.    The city charter of the city of *Superior* confers on the city the usual rights of eminent domain granted cities for acquiring land for the purpose of laying out streets and for other city purposes.    The charter provisions and those prescribing how the public streets of the city are to be improved limit the city council to the methods provided in the charter for laying out, establishing, and improving the city streets.    Concededly no attempt was here made to lay out a street over the strip in question, nor was there a dedication by the *Bridge Company* and acceptance thereof as a public street by the city.    The arrangements between the company and the city culminating in this contract were not within the powers conferred on the city, and hence were ineffective and void.

As declared in *Becker v. La Crosse,* 99 Wis. 414, 417, 75 N. W. 84, "It is also a rule of law . . . universal in its application, that the agents, officers, or even the city council, of a municipal corporation cannot bind the corporation by the assumption of powers . . . except within the limits . . . stated."    These limits to the exercise of municipal powers are: "First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation,—not simply convenient, but indispensable."

In *Trester v. Sheboygan,* 87 Wis. 496, 58 N. W. 747, it was determined that "A city has no power to purchase an easement for street purposes, under a charter which, besides the usual provision for the condemnation of land for public grounds, streets, etc.," also confers power to lease, purchase, and hold real property for city purposes.    See, also, *State ex rel. Mueller v. Thompson,* 149 Wis. 488, 137 N. W. 20; *Superior v. Roemer,* 154 Wis. 345, 141 N. W. 250; *State ex rel. St. Paul v. Minn. T. R. Co.* 80 Minn. 108, 83 N. W. 32.    The *Trester Case* also holds: "The city council, having absolutely no power originally to make the

290     SUPREME COURT OF WISCONSIN.     [APR.

State ex rel. Superior v. Duluth & S. B. Co. 171 Wis. 283.

contract of purchase, cannot ratify it by subsequent acts."
Cases cited.

It follows from the foregoing that the contract is void,
that the city has no easement over the strip in question to
use and maintain it as a street, and that it is without power
to regulate and control its maintenance and improvement as
a public street of the city. No question is raised concern-
ing the *Bridge Company's* power to condemn and use the
strip in question as a roadway from Main street to its
bridge. Assuming that the *Bridge Company* legally ac-
quired the strip for the purposes of a roadway, the question
arises: Is the relator entitled to maintain this action to com-
pel the *Bridge Company* to make the improvement specified
in the petition for the writ of *mandamus?*

It is manifest from the pleading and the issues litigated
that the defense to relator's complaint rests on the assumed
validity of the contract in question and that the *Bridge
Company* has based its refusal to keep the roadway over the
strip in a sufficient state of repair solely upon the ground
that it is a public street. The facts of the case disclose noth-
ing to indicate that the *Bridge Company* will refuse to keep
it in proper condition for the use of the public in connection
with the public travel over the bridge if it is not relieved of
such duty by the contract. Under the facts and circum-
stances presented there is no showing that the defendant re-
fuses to perform any of its legal obligations respecting the
roadway over the strip which entitled relator to proceed by
*mandamus* to compel it to perform its legal duties in this
matter.

The trial court held that relator is entitled to the writ to
compel defendant to pave and maintain the roadway in
accordance with the demands of the city. The infirmity of
this position is that the defendant's legal duty to repair and
maintain this roadway cannot be enforced in the particular
manner the relator demands. The defendant may adopt a
sufficient and appropriate manner of maintaining the road-

way wholly different from that sought by the city. *State ex rel. Redenius v. Waggenson*, 140 Wis. 265, 122 N. W. 726. It is considered that the facts do not present a case for relief by the extraordinary remedy of *mandamus*.

It is claimed by defendant that the bridge in question is a railroad bridge and that the improvement of the strip here involved is a subject wholly cognizable by the railroad commission of this state under sec. 1797—12*k*, Stats., except so far as Congress has reserved power of control in the War Department. If this bridge is in fact a railroad bridge, as contended by defendant, it may be of the class defined by the provisions of sec. 1325*n* and be subject to the obligation and penalties prescribed by this section. The questions thus arising under secs. 1797—12*k* and 1325*n* are not necessarily involved in a complete determination of the issues presented on this appeal and we therefore shall not express any opinion upon them.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to quash the writ.