WAISMAN, Appellant, vs. WAGNER and others, Defendants: CITY OF CUDAHY, Respondent.

*February 14—March 15, 1938.*

For the appellant there was a brief by *Wilbershide, Baumblatt & Storms,* attorneys, and *Knoblock & Konnak* of counsel, all of Racine, and oral argument by *L. P. Baumblatt.*

For the respondent there was a brief by *Edward G. Minor,* city attorney, and *Ward Dunphy,* assistant city attorney, and oral argument by *Mr. Minor.*

FOWLER, J.  The case is an appeal from an order sustaining a demurrer to the complaint as against the city of Cudahy on the ground that it does not state facts sufficient to constitute a cause of action against the city.  From the foregoing statement of the allegations of the complaint it appears that the plaintiff seeks to hold the city liable because the mayor of the city, and a real-estate agent who held an option of purchase of land from the city, made false representations which induced the plaintiff to execute to the city and its defendant city officers a release from the conditions in a deed of land executed by the plaintiff to the city, which

reserved to the plaintiff the right to wreck the buildings on the land and purchase the salvage at a price fixed by the best bid therefor, provided the buildings should be wrecked within five years. The action is plainly the common-law action of deceit to recover damages resulting from a fraud practiced, not by the city itself, which manifestly could neither make false representations nor authorize them to be made by others, but by the persons who acted in procuring the release.

It is of course fundamental that the doctrine of *respondeat superior* does not apply between a city and its officers or agents while they are engaged in the discharge of a governmental function. *Milwaukee v. Meyer,* 204 Wis. 350, 235 N. W. 768. The appellant concedes this but claims that in procuring the release the parties procuring it were exercising for the city a proprietary as distinguished from a governmental function, and that as they were so acting the city is liable precisely as a private corporation or a natural person would be. The argument is that, as a private corporation or a natural person, even though no party to it in the first instance, cannot accept the benefits of a fraud practiced by an agent in procuring a contract without by implication ratifying the fraud, a city cannot so do. No doubt this is the rule as to others than municipal corporations. *Morse v. Ryan,* 26 Wis. 356; *Gunther v. Ullrich,* 82 Wis. 222, 52 N. W. 88; *Burke v. Milwaukee, Lake Shore & Western R. Co.* 83 Wis. 410, 53 N. W. 692; *Glassner v. Johnston,* 133 Wis. 485, 113 N. W. 977. As applied to agreements which a city has power to make, the argument *a priori* is not without force, although the plaintiff has been able to cite but two cases involving actions of deceit against municipal corporations. In one of these, *Sharp v. Mayor,* 40 Barb. (N. Y.) 256, 274, recovery of damages was granted. One of the three judges participating in the decision dissented. In the

other, *Stevens v. Mayor,* 46 N. Y. Sup. Ct. 274, 14 J. & S. 274, affirmed in 84 N. Y. 296, 297, the action was dismissed for want of proof of the misrepresentations alleged, but it was assumed (84 N. Y. p. 306) that if they had been proved the plaintiff would have been entitled to recover. The former involved the leasing of so much of a ferry slip as the city owned; the latter the purchase of an easement for a street. These cases are cited in 2 Dillon, Mun. Corp. (6th ed.) § 780, with apparent approval of the doctrine declared.

Whether the doctrine of these cases is correct we are not called upon to determine under the controlling fact of the instant case. If it is correct, its application must be limited to cases in which the fraud involved is perpetrated in connection with matters concerning which a city has power to contract. If a city attempts to make an agreement which it has no power to make, its attempt is futile. Agreements that are beyond the power of a city to make are void. *State ex rel. Superior v. Duluth & S. B. Co.* 171 Wis. 283, 177 N. W. 332. Persons contracting with a city "must at their peril inquire into the power of the corporation or of its officers to make the contract; and a contract beyond the scope of the corporate power is void." *Hanrahan v. Janesville,* 145 Wis. 457, 466, 130 N. W. 482. Conveyances of interest in land fall within this rule, and the power of a city to acquire land is limited by its charter provisions. *Trester v. Sheboygan,* 87 Wis. 496, 58 N. W. 747. The power of the defendant city in that respect is limited by the following statute:

"62.22 *Lands acquired; streets vacated.* (1) Purposes. The city may acquire by gift, purchase or condemnation:

"(a) Lands for streets, alleys, public grounds, parks, cemeteries, municipally owned utilities, sites for school and other public buildings, and lands to be used for purposes of

drainage and water distribution and other public municipal purposes.

"(b) Land for waterworks or lighting works, but, if the works are owned by private persons or corporations, the expense of acquiring such lands shall be paid by such owner on a proper conveyance of the lands being made thereto.

"(c) Land within the city for use in bridge projects, including, without limitation because of designation, bridge projects under sections 87.02 and 87.03; and the acquisition at any time heretofore of any land for such use by any city is hereby validated, ratified, approved and confirmed."

The complaint contains no allegation that the interest in the land involved was acquired for any of the purposes specified in the statute above quoted. The conveyance to the city was therefore void, and the agreement of the city to allow the plaintiff the wrecking and salvage privileges implied from the reservation in his deed to the city was also void. This implied obligation could not be enforced in absence of fraud practiced in procuring the release from it. With more reason it cannot be enforced when it was fraudulently procured.

*By the Court.*—The order of the circuit court is affirmed.