Fairchild, J.
 

 When the parties to this appeal were here on demurrer to the complaint,
 
 Kiel v. Frank Shoe Mfg. Co.
 
 240 Wis. 594, 597, 4 N. W. (2d) 117, we decided that the ar
 
 *303
 
 rangement attempted to be made on behalf of the city of Kiel with the appellants was beyond the power of the city “and for that reason illegal and void, therefore not- in any legal sense a contract,” citing
 
 Wendlandt v. Hartford Accident & Indemnity Co.
 
 222 Wis. 204, 268 N. W. 230. And because the complaint alleged that the individual appellants had knowingly and fraudulently procured the payment of the money, it was, then ruled that a cause of action was sufficiently pleaded as against them. The situation as it appeared on the trial is considerably different from the one described in the allegations in the complaint. Evidence showing that the individual appellants did not play the part the complaint charged they did has caused the trial court to exonerate them from any finding of fraud or false representation.
 

 So far as the corporation is concerned, the judgment against it is good. As the respondent city did not have the legal right or power to make the engagements its officers sought to make and as the acts of all concerned did not result in a receipt of benefit by the city and had not proceeded so as to create special circumstances which place the case within the rule of
 
 Ellefson v. Smith,
 
 182 Wis. 398, 196 N. W. 834, there is nothing to do other than to hold that the money paid under the plan belongs in the treasury of the city. Because the law is that “a contract beyond the scope of the corporate power ... is void.” 1 Dillon, Mun. Corp. (4th ed.) p. 517, sec. 447; 2 Dillon (5th ed.) p. 1154, sec. 777. See also
 
 Hanrahan v. Janesville,
 
 145 Wis. 457, 130 N. W.
 
 482; Shulse v. Mayville,
 
 223 Wis. 624, 271 N. W. 643;
 
 Waisman v. Wagner, 227
 
 Wis. 193, 278 N. W. 418;
 
 Egaard v. Dahlke,
 
 109 Wis. 366, 85 N. W. 369;
 
 Chippewa Bridge Co. v. Durand,
 
 122 Wis. 85, 99 N. W. 603. There is no difficulty in seeing that the obligation to return the funds rests upon the appellant corporation. The protection thrown around public funds by requiring contracts'to be let in a certain manner or .prohibiting the use of the credit of the city, gives the respondent, in the absence of sufficient equities,
 
 *304
 
 a good cause to recover the money from the person or corporation to whom it was delivered.
 

 The judgment, however, is not only against the corporation. It is also against the directors, individually.
 

 The court below held that the activity of the directors in participating in the bringing about of the transfer of the sum of $12,000 to the appellant corporation in some way constituted a conspiracy to deprive the respondent city of- that amount. However, the findings of fact specifically absolve the appellants from any charge of bad faith. There must be an element of wilfulness and an intent to commit an act amounting to a conspiracy before it can exist. The act in the absence of such intent is not transformed into a conspiracy simply because the transaction later was discovered to be invalid.
 

 “The test for determining the lawfulness of the combination is the motive for combining, or the nature of the object to be attained as a consequence of the act. The carrying out of the object of such combination will not furnish ground for a civil action if the element of malice, that is the absence of just cause or excuse, is not present.” 15 C. J. S. p. 1003.
 

 See also
 
 National Fireproofing Co. v. Mason Builders’ Asso.
 
 (2d Cir.) 169 Fed. 259, 26 L. R. A. (N. S.) 148, 155;
 
 Wachowski v. Lutz,
 
 184 Wis. 584, 593, 201 N. W. 234;
 
 Martens v. Reilly,
 
 109 Wis. 464, 473, 84 N. W. 840;
 
 White v. White,
 
 132 Wis. 121, 128, 111 N. W. 1116.
 

 At the time these appellants were taking part in the transaction, whether as agents or as the inherent force bound to function as the corporation, there was not then, so far as the appellants knew, any indication that the respondent would rescind the transaction or that the circumstances had not or would not intervene to make a rescission inequitable. Had the city officials refrained from undue interference and had the corporation lived up to its stipulations, the benefits flowing
 
 *305
 
 from the arrangement would have resulted in such exchange of considerations that the city might have been prevented from claiming restitution. The factors which prevented such a possible relation came into being later. And not until after the money, to the knowledge of respondent and by reason of the general publicity, to the general public also, was delivered to the corporation. There appears to be good reason for holding that the individual appellants here cannot be bound as agents under the circumstances of the case.
 

 The Restatement, 2 Agency, dealing with things received by an agent from a third person, p. 745, sec. 339, reads:
 

 “An agent who has received, things from another for a disclosed or partially disclosed principal has a duty to return them or their proceeds if the other rescinds the transaction by which they were received for a cause existing at the time of their receipt, to the extent that the agent has not, before notice of rescission and in good faith, changed his position.”
 

 This doctrine applies to a situation much more favorable to an individual liability than that presented in this case because it presupposes an agent who, in the course of his agency, has had delivered into his actual possession by the other, party money or property for the account of his principal. In such a situation if, before knowledge of the rescission, such an agent changes his position by delivering the property to his principal, he sustains no individual liability. Here, the corporate officers and directors are, of course, agents for the corporation in the sense that they act for it. They are something-more, however. They are the only human agency through which a corporation can act, and an officer who acts is the
 
 alter ego
 
 of the corporation. A corporation can act only through living persons. Here each and every act by the officers was as a part of the agency distinguished from agent, under and by which the corporation necessarily acted. Being a component part of this essential agency, did that make them
 
 *306
 
 as individuals, under the circumstances of this case, agents of the corporation ? And if so are they liable as agents ?. The right to do business for which it was organized as a legal entity is an essential and inherent attribute of a corporation. This right is expressly conferred upon it by statute. The corporation acting
 
 per se
 
 by means of its own authorized organization is alone responsible in its ordinary and usual transactions. Unless its officer or manager does some act which injects his individual responsibility into the transaction such as a wilful wrong similar, to that alleged in the complaint, it is the corporation which acted and which must return the money. The .point upon which this case turns so .far as the individual appellants are concerned stands in bold relief because the city sent its check payable to the corporation, to the corporation. The respondent was dealing with the corporation and the corporation alone was dealing with the city. It alone was the receiver of the moneys paid to it by the city officials. It was acting for itself and all concerned knew that fact. It was not acting as a principal through an agent with delegated authority.
 

 When money or property comes into the officer’s hands, it is
 
 ipso facto
 
 in the possession of the corporation. If the property, as here, takes the form of a check payable to the corporation, it is seriously tO' be questioned whether it ever was in the hands of the officers and directors as agents. If the property is of a different character, there still'is some doubt whether the money or property can ever be said to have been in the hands of the officers personally. If that can be said, it is difficult to see how it ever gets out of their hands because they continue to administer it on behalf of the corporation. In any event a rule at least as favorable to. the officers of a corporation as that applicable'to ordinary agents must apply here. The trial court has found against all allegations of fraud, or misrepresenta-, tion, and there thus is no room for the application of the rule that officers of a corporation are liable in tort for any conduct on behalf of the corporation which constitutes a tort. It
 
 *307
 
 follows that there is no personal liability established on the part of the officers or directors. The rule that officers of a corporation are liable for their own torts and may not urge as a defense that these were done only on behalf of the corporation is a salutary rule but it ought not to be stretched to give recovery in restitution in cases in which the officers have merely contracted on behalf of the corporation. The legal defect in the proceeding on the part of the officials of the respondent existed when the money was paid. But the good faith of the appellants and their freedom from fault in acting as they did before notice of pending rescission compels consideration in the light of equitable principles. In at least two of our cases, when such equities were present, cities in suits by taxpayers were precluded from recovering moneys illegally paid.
 
 Frederick v. Douglas County,
 
 96 Wis. 411, 423, 71 N. W. 798;
 
 Ellefson v. Smith, supra.
 
 It would appear that courts have not considered the receipt of such money voluntarily paid to a recipient without intentional fault, as a tort although using-terms of that import. But rather they have required the repayment to the municipality on the theory of rescission, compelling restitution as a matter of public policy.
 

 Under the facts established by the evidence and as found by the trial court in its findings of fact, judgment must be in favor of the appellants, George Frank, Gordon A. Frank, and Fred Froede. And as to each of them-the complaint must be dismissed.
 

 By the Court.
 
 — Judgment affirmed as to the Frank Shoe Manufacturing Company. Reversed as to George Frank, Gordon A. Frank, and Fred Froede, and cause remanded with directions to dismiss the complaint against them.