PHILIP E. LERMAN, Chairman, Department of Industry, Labor andHuman Relations
You have inquired whether under sec. 66.293 (3), Stats., a private, nonprofit corporation, which solicits bids and lets contracts for construction of a medical center to be financed by contributions from private individuals and businesses as well as by pledges of funds by towns and villages in the area to be served by the facility, is required before soliciting bids for the project to obtain from your department a certification of the prevailing wage rates applicable to the trades and occupations involved in the work.
In my opinion, the statute does not require a certification of prevalling [prevailing] wage rates for such project. Section 66.293, Stats., provides in pertinent part:
"(3) Every municipality, before soliciting bids on a contract for any project of public works except highway, street or bridge construction, shall apply to the department of industry, labor and human relations to ascertain the prevailing wage rate in all trades and occupations required in the work contemplated. The department of industry, labor and human relations shall *Page 427 
determine the prevailing wage rate for each trade or occupation pursuant to s. 103.49, shall make its determination within 30 days after receiving the request and shall file the same with the municipality applying therefor.***"
From the facts recited, it is obvious that the medical center is not being contracted for by the municipalities. Nor does it appear from the stated facts that the private corporation is a sham device used as a subterfuge to avoid the prevailing wage certification provisions of the statute. Further, it is doubtful that the municipalities are authorized to purchase an interest in such facilities or to make donations to or investments in the corporation.
If the pledges or payments are unauthorized, there can be no valid municipal involvement and any contracts made are to be governed by the rules relating to private contracts. A wage rate determination is not required under sec. 66.293, Stats., for private contracts.
The duties and powers relating to disbursements of town funds are regulated by statute, and disbursement may be made only for purposes designated by statute. See 87 C.J.S., Towns, secs. 113, 114. A town may appropriate funds to a private corporation or subscribe to its stock only when expressly authorized by statute. 87 C.J.S., Towns, sec. 115. As stated in Pugnier v. Ramharter
(1957), 275 Wis. 70, 73-74, 81 N.W.2d 38. 71 A.L.R. 2d 522:
"A town has only such powers as are conferred on it by statute or are necessarily implied therefrom. Milton Junction v. Milton
(1953), 263 Wis. 367, 57 N.W: (2d) 186. The officers of a town have only such powers as are conferred upon them by statute.Whitewater v. Richmond (1931), 204 Wis. 388, 235 N.W. 773.
"Sec. 60.01, Stats., treats with the corporate powers of a town. Sec. 60.18 relates to the powers of a town meeting. Sec. 60.29 sets forth the powers of town boards. Nowhere in those provisions is authority granted to expend money from the town treasury for charitable purposes. We are obliged to hold that the causes promoted by the several respondents here are of a charitable nature, and that the contributions made by the appellant and the others from the town's treasury for such purpose were beyond his, *Page 428 
their, or the town's powers. Such acts were clearly ultra vires.Kircher v. Pederson (1903), 117 Wis. 68, 93 N.W. 813; MenashaWooden Ware Co. v. Winter (1915), 159 Wis. 437, 150 N.W. 526."
I am aware of no statute which expressly or impliedly authorizes towns to donate money to, or to become members of, a nonprofit corporation committed to building hospital facilities to service a county area.
Comparable restrictions on public expenditures apply to counties. See 48 OAG 267 (1959), 45 OAG 44 (1956), 37 OAG 100 (1948). Section 59.07 (96), Stats., enacted by ch. 48, Laws of 1971, effective June 23, 1971 (renumbered by ch. 211), states:
"COMPREHENSIVE HEALTH PLANNING. A county or combination of counties may engage in comprehensive health planning, and county boards may appropriate county funds to an area-wide agency for such planning, whether the organization to be utilized is a public agency or a private, nonprofit corporation."
This provision extends the authority of counties in providing for hospital needs. It does not, however, go so far as to empower the county to contribute to the construction construction of a private hospital but restricts the use of funds appropriated to planning activities. Thus, counties still are prohibited by implication from aiding financially private, nonprofit health care building projects.
Towns have not even been granted statutory authority to contribute to planning agencies. Allocation of the planning function to counties suggests the legislative intention to encourage resolution of health planning problems on a broad base.
Section 66.501, Stats., ch. 197, Laws of 1969, grants to cities and villages the power to convey land to or lease land to or from a nonprofit corporation concerned with construction of hospital facilities at terms and conditions determined to be in the public interest. The purpose of this statute is stated to be to promote the provision of adequate hospital facilities in the state. This statute, in the absence of any other dealing with municipal involvement with nonprofit corporations engaged in hospital construction, must be construed as delineating the extent of such involvement. *Page 429 
Cities and villages may grant or lease land to such corporations at nominal rates. The statute does not provide for money donations, investments or the purchase of memberships in such corporations. Towns and counties are not included in the extension of power granted by sec. 66.501, Stats., to aid in the private provision of hospital services. It is elementary law that the enumeration of powers which may be exercised by municipal corporations excludes such powers as are not enumerated. 56 Am.Jur. 2d Municipal Corporations, sec. 195.
It is my opinion, therefore, that towns and villages which pledge contributions to private hospital projects probably do so without authority of law. As ultra vires actions, these pledges would be unenforceable. See 87 C.J.S., Towns, sec. 107; C.J.S.,Municipal Corporations, secs. 979, 1008; Center Drainage Dist. v.Capital Indemnity Corp. (1967), 33 Wis.2d 294, 298,147 N.W.2d 245. Such payments made to the corporation probably would be recoverable. See 64 C.J.S., Municipal Corporations, sec. 1870;Kiel v. Frank Shoe Mfg. Co. (1944), 245 Wis. 292, 295, 299,14 N.W.2d 164, 152 A.L.R. 691; Village of Courtland v. CourtlandElectric Co. (1927), 172 Minn. 392, 215 N.W. 673. Thus, the corporation here involved was and is essentially a private organization without valid municipal involvement. Any building contracts made by the corporation are private contracts not subject to the requirements of sec. 66.293, Stats.
If a municipality lawfully assists a private, nonprofit hospital construction project through a grant or lease of land under sec. 66.501, Stats., however, any building contract made by the private corporation would be subject to the prevailing wage rate determination provisions of sec. 66.293, Stats. See sec. 66.501 (5), Stats. This section indicates legislative concern that any hospital construction project which has authorized municipal involvement be subject to the law governing public works contracts.
It is assumed that the municipal funds involved are not being appropriated to construct the hospital as a memorial for veterans, and as authorized by secs. 45.05 and 45.055, Stats. No suggestion of such purpose is made in the facts set forth in the opinion request.
RWW:GS *Page 430