Columbia Bank of Lodi, Appellant, vs. Markgraf, Respondent.

*March 6—April 3, 1928.*

*Conspiracy: Between depositor and cashier to defraud bank: Account stated: Pleading: Statement of facts: Failure to allege fraud.*

1. A complaint which alleged that the defendant drew checks on a bank without having sufficient funds to cover them, which, although cashed by his brother, the cashier of the bank, without the knowledge of the bank, were not charged to the account of the defendant, but held by the cashier as cash items, and also alleged that a statement of the balance in defendant's bank book was thereby incorrect, and that a large sum was due and owing the bank in the amount of the checks cashed and withheld, though not replete with charges of fraud and misappropriation of funds, was sufficient to charge that the cashier and the defendant conspired to defraud and cheat the bank and that the defendant was indebted to it.    p. 476.

2. A conspiracy between the cashier and the defendant to defraud the bank by cashing defendant's checks without charging his account therefor, whereby defendant profited, would render both parties liable, and defendant cannot escape the consequences of the fraudulent acts by pleading that he entered into a conspiracy with the cashier of the bank.    p. 476.

3. Where two parties conspire to defraud a third and are successful in such conspiracy, and an account in form is stated, it is not binding upon the party who has been thus defrauded. p. 477.

Appeal from an order of the circuit court for Dane county: A. G. Zimmerman, Circuit Judge.    *Reversed.*

Plaintiff through its amended complaint alleged:

"Now comes the plaintiff above named, by Hill, Thomann & Beckwith, its attorneys, and as and for an amended complaint against the above named defendant, alleges and shows to the court:    That the plaintiff is a Wisconsin banking corporation, duly organized and existing under and by virtue of the laws of the state of Wisconsin, and engaged in the banking business with its principal place of business in the village of Lodi, Columbia county, Wisconsin; that the de-

Columbia Bank of Lodi v. Markgraf, 195 Wis. 472.

fendant is a resident of the city of Madison, Dane county, Wisconsin.

"Plaintiff, further complaining, alleges that during the year 1922 and for several years thereafter, the defendant above named resided in the village of Lodi, Columbia county, Wisconsin; that during the year 1922 and for some time thereafter, the defendant above named was operating a restaurant in the said village of Lodi, and that during the year 1922 and down to on or about the 15th of August, 1924, the defendant maintained a checking account with the plaintiff bank in the village of Lodi; that at various times during the said period defendant deposited money in said checking account and during all of said period drew checks on said checking account.

"Plaintiff, further complaining, alleges that during all of the year 1922 down to some time in the latter part of September, 1924, one Ferd Markgraf, since deceased, a brother of the defendant above named, was a cashier of the plaintiff bank; that during all of the year 1922 from January of said year down to and through the month of December, 1922, the defendant above named wrote checks on his account with the plaintiff bank when the said defendant did not have sufficient money to his credit in the plaintiff bank to cover said checks; that on numerous occasions during the year 1922 checks were presented to the plaintiff bank in the usual course of business which were drawn by the defendant on the plaintiff bank and made payable to third parties, when the defendant did not have sufficient money to cover said checks, but that said checks were cashed by Ferd Markgraf, the then cashier of the plaintiff bank and the brother of the defendant, without the knowledge of the plaintiff bank and without authority from the plaintiff bank so to do; that many of the checks so cashed were not run through the plaintiff bank so as to appear upon the ledger account of the defendant, *Albert Markgraf*, but were held by the said Ferd Markgraf, brother of the defendant herein, as cash items; that by reason thereof said checks which were so held as cash items were paid by the plaintiff bank, but were not charged to the account of *Albert Markgraf*.

"Plaintiff, further complaining, alleges that the said cashier, Ferd Markgraf, since deceased, had no authority

from the plaintiff bank to cash the checks of the defendant and hold them as cash items for any period of time, and had no authority to hold said checks without charging them against the ledger account of *Albert Markgraf;* that by reason of the fact that said checks so cashed by this plaintiff bank by reason of the practice of the said Ferd Markgraf and *Albert Markgraf,* the defendant, as above set forth, were not charged to the account of *Albert Markgraf,* they did not appear on the books of the plaintiff bank and on the ledger account of the said *Albert Markgraf,* defendant, as an overdraft, but this plaintiff bank had no knowledge of the fact that it had cashed for and on behalf of *Albert Markgraf* these said checks which were not charged against the account of the said *Albert Markgraf;* that on several occasions subsequent to the year 1922 the defendant, *Albert Markgraf,* presented his bank book or pass book at the plaintiff bank for the purpose of having the same balanced; that the bookkeeper of the plaintiff bank balanced the said pass book or bank book of the defendant, *Albert Markgraf,* from the account of *Albert Markgraf* as it appeared from the books of the plaintiff bank, which account, as hereinbefore stated, did not show the checks which were held out by Ferd Markgraf as cash items and which were not charged against *Albert Markgraf's* account, and that at the times that the said book was so balanced by the said bookkeeper of this plaintiff bank, said Ferd Markgraf, brother of the defendant, did not inform the plaintiff bank or its bookkeeper to charge to *Albert Markgraf* certain checks which had been cashed for and on behalf of *Albert Markgraf,* but which had not been charged to the account of said *Albert Markgraf* on plaintiff's books; that by reason of these facts the balance stated in the pass book or bank book of the defendant, *Albert Markgraf,* was not, in truth and in fact, a true and correct statement of the account of *Albert Markgraf* with this plaintiff bank, but was, in truth and in fact, an incorrect and erroneous balance or statement; that by reason of the facts hereinbefore stated, this plaintiff has cashed for and on behalf of *Albert Markgraf* fifty-seven (57) checks totaling the amount of $2,401.01; that none of the said fifty-seven (57) checks totaling the said sum of $2,401.01 were ever charged against the account of the said

*Albert Markgraf,* and that the said *Albert Markgraf* has not paid to this plaintiff and has not deposited in this plaintiff bank sufficient money to reimburse this plaintiff for the fifty-seven (57) checks so cashed for and on behalf of the said defendant; that by reason of the mistake in this plaintiff's statement as hereinbefore set forth, there is due and owing from said *Albert Markgraf,* defendant, to this plaintiff bank, the sum of $2,401.01.    ' . .

"Plaintiff, further complaining, alleges that it verily believes that the said *Albert Markgraf,* the said defendant, and Ferd Markgraf, brother of the said *Albert Markgraf,* did intend to cheat and defraud this plaintiff bank by the practices which are hereinbefore set forth.

"Wherefore, this plaintiff prays judgment against the defendant in the sum of $2,401.01, with interest thereon, together with the costs and disbursements of this action."

The court sustained a general demurrer to this complaint, and from an order entered accordingly plaintiff appealed. The trial court's decision on the demurrer reads as ,follows:

"By the Court: Supplementing the court's tentative statement at .the argument, and after careful examination of the complaint and the law applicable, the following conclusions are submitted:

. "This case seems to be ruled by *Stevens v. Montfort State Bank,* 183 Wis. 621 (198 N. W. 600), by the law and quotations as there stated, particularly on pages 635 and 636 thereof. The complaint does not appear to allege any proper allegations of fraud or mistake to bring it within the exception there stated. As to fraud, there appears merely an allegation of a belief of an intention to defraud. As to mistake, there appears merely an allegation of mistake on the part of the .plaintiff alone as to matters and the details of which were wholly and solely, so far as the allegations of the complaint are concerned, within the knowledge of the plaintiff and its managing and operating officers. Moreover, from the allegations of the complaint there does not even appear to have been any mistake, in the commonly accepted use of that term, and whatever may have occurred by way of commission or omission within the private precincts of the plaintiff with reference to its books and its accounts stated,

Columbia Bank of Lodi v. Markgraf, 195 Wis. 472.

appear, so far as the allegations of the complaint are concerned, to have been accomplished deliberately and wholly without the knowledge or acts or participation of the defendant.

"From the foregoing it would appear that the demurrer must be sustained. It is so ordered."

The cause was submitted for the appellant on the brief of *Hill, Thomann & Beckwith* of Madison, and for the respondent on that of *Gilbert, Ela, Heilman & Raeder* of Madison.

VINJE, C. J.   It is true that the complaint is not replete with charges of fraud and misappropriation of funds, but it does set forth facts very clearly showing that the cashier of the bank and the defendant, his brother, conspired to defraud and cheat the bank.   Good pleadings consist in stating clearly the facts which show the legal intent charged. It was not even necessary, perhaps, to state upon information and belief that the defendant and his brother conspired to defraud the bank.   That conclusion could legitimately be drawn from the facts pleaded, namely, that the checks were drawn by the defendant and paid by the bank but intentionally withheld from the defendant's account with the bank, thus showing that over $2,400 should be to the credit of the defendant in the bank, where, as a matter of fact, he had no credit because the checks were not charged to him but held for the cash account.   This court has labored strenuously to teach lawyers to plead the facts that constitute the cause of action rather than plead conclusions that may be drawn or may not be drawn from the alleged facts.   Here, if the facts of the complaint are true, it follows as a matter of mathematics that the defendant is indebted to the bank in the sum alleged.   It also clearly appears there was a secret understanding or conspiracy between the cashier of the bank and the defendant to defraud the bank by this method.   Such a conspiracy would render both parties liable, and the de-

fendant cannot escape the consequences of his fraudulent, unlawful act by pleading that he entered into a conspiracy to perform such act with the cashier of the bank. Both would be equally liable to the bank for the sums so taken from its custody, and it conclusively appears from the allegations of the complaint that the defendant profited by this unlawful act on the part of both. Nowhere is there any allegation in the complaint that the bank, with knowledge of all the facts, stated the account as shown by defendant's pass book. Where two parties conspire to defraud a third and are successful in such conspiracy and an account in form is stated, it is not binding upon the party who has been thus defrauded. Plaintiff in this case fully realizes that in order to impeach the account stated as shown by the bank book it must produce proof to the effect that fraud was practiced upon it. But this the complaint alleges the bank is able to do by proving the facts therein stated. The trial court erred in sustaining the demurrer.

*By the Court.*—Order reversed, and cause remanded with directions to overrule the demurrer.