**Marshall G. DOZA and Mary E. Doza, Appellants,**

v.

**AMERICAN NATIONAL INSURANCE COMPANY, an Insurance Corporation, Appellee.**

**No. 17092.**

United States Court of Appeals
Eighth Circuit.

March 8, 1963.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

PER CURIAM.

On motion for summary judgment the District Court *sans* memorandum opinion, entered judgment in favor of appellee and against appellants on the following tersely stated claim made in the complaint filed in the case at bar:

"(T)hat they (appellants) are the beneficiaries of an insurance policy purchased on the life of their daughter, Rose DeClue (who) died as a result of an accident; that at the time of the death the plaintiffs' rights under said policy accrued, and they thereby became entitled to $50,000.00 as the face amount of the policy, together with the amount of $15,000.00 as penalty and attorney fees for vexatious refusal to pay.

"Wherefore, plaintiffs pray judgment in the amount of $65,000.00 and for their costs herein expended."

To that claim, appellee filed a general denial. By its motion for summary judgment, subsequently filed, appellee recognized that "the complaint (was) based upon a claim founded upon an alleged life insurance policy issued by (it) to the plaintiffs' (appellants') assured." It further stated therein: "The fact is that no such policy was ever issued by the defendant nor delivered to the plaintiffs' alleged insured, Rose DeClue." It was also alleged in that motion:

"The relevant facts are disclosed by the answers to plaintiffs' interrogatories answered under oath by the Regional Director of Agencies of defendant, a copy of which is attached hereto in support hereof.

These facts demonstrate that the policy application was never acted upon by the defendant pending receipt of a physical examination to be taken by the applicant.

"The application for the insurance, a copy of which is attached hereto and incorporated herein, demonstrates that the policy could not in any event take effect until the completion of a medical examination (*if required*); that *a physical examination was required*, and that the *plaintiffs were so informed* by the agent soliciting the policy, as appears from the sworn answers to the interrogatories. (Emphasis added.)

"There appears to be no dispute as to the basic facts in the case, and there is no substantial issue as to the facts, and under them *plaintiffs are not entitled to recover more than the return of premium* tendered to them by deposit in court." (Emphasis added.)

From the record here, it appears that the basic issue raised by appellee's motion for summary judgment was whether or not a "policy was ever issued or delivered by (appellee) to Rose DeClue or ever became effective because the policy for which application was made was contingent upon and could not take effect until the completion of a medical examination, to which the proposed insured, Rose DeClue, never submitted * * *." As to that matter, appellee contends there was no genuine issue of material fact existing, and that it sustained the burden of proof cast upon it to demonstrate that fact. But it appears that the "answers to plaintiffs' interrogatories," relied on by appellee, were made "under oath by the Regional Director of Agencies of defendant * * * according to his best knowledge and belief." That being so, the answers to plaintiffs' interrogatories are insufficient to sustain the burden of proof cast upon appellee.

"On a motion for a summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, all doubts are resolved against him, and his supporting affidavits and depositions, if any, are carefully scrutinized by the court. The object of the motion is to separate the formal from the substantial issues raised by the pleadings, and the court examines evidence on the motion, not to decide any issue of fact which may be presented, but to discover if any real issue exists. * * * When affidavits are offered in support of a motion for summary judgment, they must present admissible evidence, and must not only be made on the personal knowledge of the affiant, but must show that the affiant possesses the knowledge asserted." Sprague v. Vogt et al., 150 F.2d 795, 800 (8 Cir., 1945).

Such has been the position steadfastly maintained by this Court in respect to motions for summary judgment under Rule 56, F.R.Civ.P., 28 U.S.C.A. Cf. United Pacific Insurance Company v. United States, 296 F.2d 160 (8 Cir., 1961), and cases there cited.

As above noted, appellee by its motion for summary judgment recognized that a factual issue was presented by the pleadings (1) as to whether appellee ever acted upon the application for insurance; and (2) whether a "physical examination was required" before the policy providing such insurance coverage could "in any event take effect until the completion of a medical examination."

It is admitted that the deceased, who made application for the policy of insurance sued on, paid the first year's premium therefor; and that she was given a "conditional receipt" reading, in part, as follows:

"The insurance for which application is made shall be effective on the date of this receipt or the date of completion of the medical examination (if required) whichever is later * * *."

From the deposition of appellee's "Assistant Manager, Ordinary Underwriting Division" the following facts appear:

"Q. Does your company write a policy where a physical examination is not required?

"A. Yes, sir.

"Q. The policy that is finally issued on such application, is there any difference in the policy than that where a physical examination is required?

"A. No.

"Q. Does it act the same?

"A. Yes.

"Q. Who is it that determines when a physical examination is to be made?

"A. The underwriter. Let me qualify that. The field force can determine that from our rules and regulations, on non-medical and medical parts. If it is not followed through, then we go ahead and determine if an examination is required or not.

"Q. Are these rules and regulations you refer to oral or written?

"A. They are written.

"Q. Are they furnished to all of your field representatives?

"A. Yes, sir.

"Q. Are you familiar enough with the company's procedure to know whether or not back in July 1960 the Festus office, which consisted of S. L. Finney and C. S. Stevens, whether or not they were furnished those rules and regulations?

"A. They were."

It is further established that the application for the policy of insurance in question was signed by the named insured and witnessed by Finney and Stevens, agents of the Festus, Missouri, office of appellee.

■ Hence, from the foregoing, it clearly appears that the rules and regulations of appellee referred to and compliance therewith by appellee's agents in their negotiations with the named insured were issues subject to evidentiary proof. There is no competent evidence appearing in the record here regarding that matter. Manifestly, under the facts above stated, an issue was presented as to whether the policy of insurance applied for was a medical or nonmedical policy. That "plaintiffs" (appellants) were informed by appellee that "a physical examination was required before such policy would become effective" is of no moment. What dealings appellee's agents had with the named insured who signed the application for such insurance, their compliance with the rules and regulations of appellee, and appellee's subsequent acts in relation to the application for insurance, are factual issues, subject to proof, which very apparently could not have been determined on motion for summary judgment. Cf. Wolters v. Prudential Insurance Company of America, 296 F.2d 140 (8 Cir., 1961).

For the above reasons alone, the judgment of the District Court must be reversed. We do not mean it to be understood that such are the only factual issues which could not be determined on motion for summary judgment on the record before us. Seemingly, there are other factual issues, but we need not demonstrate them here. They should become obvious to Court and Counsel at the trial of this case on the merits.

The judgment appealed is reversed and this cause is remanded to the District Court for further proceedings herein.