Eberhard F. CIMIJOTTI, Plaintiff,

v.

Frances PAULSEN, Clarice Sprout, Lauretta M. Cimijotti, Defendants.

Civ. No. 912.

United States District Court
N. D. Iowa,
Central Division.

June 3, 1964.

See also 219 F.Supp. 621.

Everett W. Gross, Helena, Mont., Carroll E. Cutting, Decorah, Iowa, Floyd Nichols, Albert Lea, Minn., for plaintiff.

C. Frederick Beck, Mason City, Iowa, for defendants.

HANSON, District Judge.

This is a ruling on a motion by defendants to dismiss or for summary judgment. The plaintiff alleges that his former wife, Lauretta M. Cimijotti, and two other women, Frances Paulsen and Clarice Sprout, conspired to damage his person, reputation, and property.

The defendants have moved for summary judgment for the following reasons: (1) that conspiracy alone is not actionable in Iowa unless something is done which without the conspiracy would give rise to a cause of action and that no actionable cause has been alleged; (2) that the statute of limitations has run on any action; (3) that the testimony which would be essential to the cause of action alleged is privileged by Iowa statute and thus the plaintiff cannot

prove his cause by admissible evidence; and (4) that since the alleged statements were made only to the Catholic Church for proceedings before a Church tribunal created and existing under the laws and regulations of the Church, the same is privileged against the action alleged.

It is admitted in the plaintiff's Complaint that Lauretta M. Cimijotti was the wife of the plaintiff during the time the acts in question were allegedly committed.

■ A husband may not join his ex-wife in an action alleging conspiracy to commit a tort unless the applicable law allows the husband to sue the wife alone for the tort alleged. Singer v. Singer, 245 Wis. 191, 14 N.W.2d 43; Ewald v. Lane, 70 App.D.C. 89, 104 F.2d 222. While the Iowa court has never ruled on this point, this court is confident that the Iowa court would reach this result. One spouse may not sue the other for tort, including slander, in Iowa. Heacock v. Heacock, 108 Iowa 540, 79 N. W. 353; In re Dolmage's Estate, 203 Iowa 231, 212 N.W. 553; 13 Drake L.R. 160, Parental and Interspousal Immunity. It follows that on this basis alone the action against Lauretta M. Cimijotti will have to be dismissed. The action against her will also have to be dismissed because (1) the transaction involved is privileged by the common law and First Amendment to the Constitution of the United States; and (2) the record and admissions demonstrate that the action as alleged could only be proven by the use of testimony which is inadmissible by reason of priest-penitent privilege or the attorney-client privilege. These latter two reasons for dismissing the action are further discussed in relation to the claims of the alleged co-conspirators.

As to the claim against Frances Paulsen and Clarice Sprout, the allegations against these two parties are that they made statements to the Catholic Church or priests of the Catholic Church which allegedly damaged the plaintiff in his person, property, and character. It is not alleged that any of the statements were made other than to the Catholic Church or priests of the Catholic Church except as it was communicated between themselves and Frederick Beck, attorney for Lauretta M. Cimijotti. The plaintiff's complaint admits that the statements were made so that Lauretta M. Cimijotti could obtain sanctions from the Catholic Church for separate maintenance and divorce. There was no publication of statements by the defendants except to the Church. This fact is supported by the uncontradicted affidavits.

■ The First Amendment states Congress may make no law prohibiting the free exercise of religion. The First Amendment applies to the States as well as to Congress. To allow slander actions to be based solely upon statements made to the Church before its recognized officials and under its disciplines and regulations would be a violation of the First Amendment. The law withdraws from the State any exertion of restraint on free exercise of religion. The freedom of speech does not protect one against slander, yet a person must be free to say anything and everything to his Church, at least so long as it is said in a recognized and required proceeding of the religion and to a recognized official of the religion. This does not mean that in some instances it may not have to be disclosed, but nonetheless the person must not be prohibited, by fear of court action either civil or criminal against his person or property, from actually making the communication. Also, the court is not holding that it would not be actionable if communicated to other third persons. Likewise, it might be actionable if made outside strictly religious activities. There is nothing in the affidavits filed March 12, 1964, which requires any contrary conclusion.

■ In the prior ruling in this case cited at 219 F.Supp. 621, the court held that the circumstances made the statements at least qualifiedly privileged against slander. That was as far as was necessary in that instance. The court did not there rule on the consti-

42

tutional issue or decide whether the common law gave an absolute privilege. The court now holds that based upon the common law as explained in the previous ruling and on the First Amendment the statements made by the defendants under the circumstances of this case are absolutely privileged against an action for defamation. On this basis, the plaintiff's complaint would have to be dismissed.

■ In the previous ruling in the case, 219 F.Supp. 621, this court held that Section 622.10 of the Iowa Code, I.C.A., made privileged against disclosure the statements made by the defendants to the Catholic priests under the circumstances. The same ruling was made in regard to statements communicated to Frederick Beck, attorney for Lauretta M. Cimijotti. The circumstances have not changed and the court reaffirms that position.

■ It has been admitted by the attorney for the plaintiff that he does not have evidence to sustain his allegations and cannot make out a cause of action if the court's previous ruling as to the privilege against disclosure is correct. The court having held these communications to be privileged under Section 622.10 of the Iowa Code, I.C.A., must now hold that there is no evidence upon which to submit this cause for trial and summary judgment will accordingly be granted. Summary judgment is the appropriate remedy where the rules of law such as the priest-penitent privilege clearly demonstrate that the only evidence which plaintiff could offer would be privileged. This is the situation in this case. The affidavits filed March 12, 1964, by plaintiff do not make an issue. The affidavits of Anna and Josephine Cimijotti deal with communications to Father Kruse which are barred by the statute of limitations. The plaintiff would have no substantial evidence to prove his allegations at trial. Genuine issues which will preclude entry of summary judgment are issues which can be sustained by substantial evidence. Riss

& Company v. Association of American Railroads, D.C., 190 F.Supp. 10.

The court is not deciding any issue of disputed facts which, of course, it cannot do on the motion for summary judgment. Doza v. American National Insurance Co., 314 F.2d 230 (8th Cir.). The court is not granting summary judgment on the basis that the plaintiff could not show malice. The court is not holding that the alleged statements are privileged against disclosure because malice has not been shown. The court's previous holding that the statements are privileged under Section 622.10 together with the admission by plaintiff's attorney that they would have no other substantial evidence to sustain their allegations is the basis for the court's granting summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

The court is, however, also granting summary judgment because the statute of limitations has run on this cause of action. While it does not completely appear on the face of the complaint that the statute of limitations has run, the depositions and the affidavits show clearly that the statute has run on this cause of action.

■ The statute of limitations in Iowa on defamation is two years. Section 614.1 Iowa Code, I.C.A.; Jean v. Hennessy, 69 Iowa 373, 28 N.W. 645 (Iowa); Hoegh v. Miller, 190 Iowa 557, 180 N.W. 653. The only cause of action which can be deemed to have been pleaded is conspiracy to commit defamation. The Iowa court has not decided whether the inclusion of conspiracy changes in any way the statute of limitations for the tort alleged. The general rule as to the statute of limitations in an action of conspiracy to commit a tort is stated in Park-In Theatres v. Paramount-Richards Theatres, D.C., 90 F.Supp. 727:

"The distinction between the application of a Statute of Limitations in a criminal conspiracy case and such application in a civil case based upon a conspiracy has been clearly pointed out in Momand v. Universal

Film Exchanges, 1 Cir., 172 F.2d 47, at page 49. There it is shown that in a criminal prosecution the Statute of Limitations does not begin to run until the last overt act performed in compliance with the original agreement has been accomplished. A civil case, however, is based upon the damage caused by the commission of the overt act and the applicable statute must run from the time of the commission of that act which is alleged to have caused the damage. The reason is obvious as pointed out both in the Momand case and in Northern Kentucky Telephone Co. v. Southern Bell Telephone & Telegraph Co., 6 Cir., 73 F.2d 333, 97 A.L.R. 133, certiorari denied 294 U.S. 719, 55 S.Ct. 546, 79 L.Ed. 1251.

"If the Statute of Limitations had no precise date, as the happening of the overt act, from which it could be computed, then there could be no limitation of actions at all applicable where the conspiracy continued. Of even greater importance is the fact that the injured party would seem to have no right of action so long as the conspirators chose to keep the conspiracy in a continuing state. The Statute of Limitations must run from the commission of the several overt acts complained of."

See also the cases cited in Skouras Theatres Corporation v. Radio-Keith-Orpheum Corp., D.C., 193 F.Supp. 401, 405. The Iowa Supreme Court does not appear to have passed on this precise question but at least one Iowa District Court has applied this rule and was reversed on other grounds. See Des Moines Bank & Trust v. George M. Bechtel & Co., 243 Iowa 1007, 51 N.W.2d 174. The court concludes that the Iowa court would hold that the statute of limitations runs from the time of the commission of the overt acts complained of, and that the period of time is the same for conspiracy to commit a tort as for the tort itself.

The defendants filed affidavits on January 9, 1964, which clearly show that the statements allegedly made by Frances Paulsen and Clarice Sprout were made more than two years prior to the time the action was started. The plaintiff has filed no affidavits contesting this position. The affidavits filed by plaintiff on March 12, 1964, do not rebut the fact that these statements were made more than two years prior to the time the action was filed. The plaintiff's resistance to motion for summary judgment filed February 27, 1964, is not attested and its allegations are not supported by affidavits. Under Rule 56, statements in uncontradicted affidavits may be taken as basis for granting summary judgment. This was the majority rule before the 1963 amendment to Rule 56 and now the minority rule which held to the contrary has been eliminated by the amendment. Accordingly, the court concludes that the statute of limitations has run on any action against Frances Paulsen and Clarice Sprout.

The court is not holding that the statute of limitations has run on the acts of Lauretta M. Cimijotti, but since she could not be validly joined in an action alleging conspiracy to commit a tort against her then husband, these acts of hers are of no consequence.

Accordingly, it will be Ordered that the action against Lauretta M. Cimijotti will be dismissed on the basis of interspousal immunity and because, in the circumstances of this case, the action for libel is barred by the First Amendment and the common law. The statements were absolutely privileged. It is further ordered that summary judgment will be entered in favor of Lauretta M. Cimijotti for the reason that the only evidence which could make an issue for the trier of fact is privileged under Section 622.10 of the Iowa Code, I.C.A.

It is ordered that the action against Frances Paulsen and Clarice Sprout will be dismissed for the reason that the action is under the circumstances of this case barred by the First Amendment

and the common law, the statements allegedly made being absolutely privileged. It is further ordered that summary judgment will be entered in favor of Frances Paulsen and Clarice Sprout for the reason that the statute of limitations now bars the action and because the only evidence which could make an issue for the trier of fact is barred by Section 622.10 of the Iowa Code, I.C.A.