**Ute R. HARRISS and Margaret A. Feather, Plaintiffs,**

v.

**PAN AMERICAN WORLD AIRWAYS, INC., Defendant.**

**No. C–74–1884–WWS.**

United States District Court,
N. D. California.

Dec. 19, 1977.

Ronald E. Yank, Carroll, Burdick & McDonough, San Francisco, Cal., Robert B. Wallace, Surrey, Karasik & Morse, Washington, D. C., Elizabeth R. Rindskopf, Lawyers' Committee for Civil Rights Under Law, Washington, D. C., for plaintiffs.

Robert S. Venning, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for defendant.

## SUPPLEMENTAL MEMORANDUM OF DECISION

SCHWARZER, District Judge.

Plaintiffs have moved to vacate the judgment in order to permit consideration of the Supreme Court's decision in *Nashville Gas Company v. Satty,* —— U.S. ——, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977), before the filing of plaintiffs' notice of appeal divests this Court of jurisdiction.

In *Satty,* the employer required its pregnant employees to take leaves of absence during which they received no sick pay. In addition, pregnant employees going on leave lost all accumulated seniority; as a result, an employee returning from maternity leave would be employed in a permanent job only if no other employee wanted it. When respondent in *Satty* returned from maternity leave, her former position had been eliminated. She applied for three permanent positions each of which was awarded to an employee who had come to work for petitioner after respondent; thus, had she been permitted to retain the seniority accumulated before she went on leave, she would have been awarded any of the three positions.

■ The opinion of the Supreme Court confirms the analysis of this Court in its prior opinion. *Harriss, et al. v. Pan American World Airways, Inc.,* 437 F.Supp. 413 (N.D.Cal., 1977). The failure to treat pregnancy as a disease or disability for seniority purposes is not on its face discriminatory, pregnancy being "significantly different from the typical covered disease or disability." —— U.S. ——, 98 S.Ct. 350, 54 L.Ed.2d 356. However, when a policy, although neutral on its face, acts to deprive

women "of employment opportunities" and to "adversely affect [their] status as an employee", it may run afoul of Section 703(a)(2) of Title VII, 42 U.S.C. § 2000e-2(a)(2). The seniority policy in *Satty,* found by the Court to impose substantial *burdens* on women, was distinguished from the denial of *benefits* in *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). *Gilbert,* the Court stated, does not "permit an employer to burden female employees in such a way as to deprive them of employment opportunities because of their different role", unless "a company's business necessitates the adoption of particular leave policies." —— U.S. ——, 98 S.Ct. 352, 54 L.Ed.2d 356.

This Court has heretofore found that Pan Am's mandatory leave policy does indeed impose a burden on women but had been justified as a business necessity and under the bona fide occupational qualification exemption. It does not follow from that holding that any seniority policy which accompanies the mandatory leave policy is immune from attack under Title VII.

■ Pan Am's policy treats all personal leaves of absence, *i. e.,* leaves for other than disease or disability or union business, in the same way—an employee retains accumulated seniority while on leave and in addition accrues seniority for the first ninety days of the leave. Employees on medical or union leave continue to accrue seniority during their entire leave. The Court is not aware of any facts in the record which would extend the business necessity defense to this seniority policy, as opposed to the mandatory leave policy.

The record does reflect, however, that personal leaves are taken by both male and female employees of Pan Am for reasons other than pregnancy. (437 F.Supp. at 417). Thus, the seniority policy does not impose a substantial burden on women that men need not suffer. This Court has previously found that "there is no evidence that men have more seniority than women because of the challenged seniority policy." (437 F.Supp. at 437).

 

Moreover, *Satty* must be read in the light of the particular policy before the Court which deprived pregnant employees of accumulated seniority. Pan Am's policy, on the other hand, allows employees to retain their accumulated seniority and merely precludes them, after the first ninety days of their personal leave, from accumulating additional seniority. In the common understanding of the industrial world, seniority is earned for work done. Denying seniority for time during which an employee is not working cannot be regarded as the imposition of a burden. It is more akin to the denial of a benefit which, under the *Gilbert* analysis as applied to the facts of this case, does not run afoul of Title VII. *Gilbert* "did not require that greater economic benefits be paid to one sex or the other 'because of their different roles in the scheme of existence.'" —— U.S. ——, 98 S.Ct. 351, 54 L.Ed.2d 356.

For the reasons stated, plaintiffs' motion must be denied.

IT IS SO ORDERED.