WHITE, Respondent, vs. WHITE and others, Appellants.

*May 1—May 21, 1907.*

*Pleading: Demurrer: Defect of parties: Improper joinder of causes
of action: Sufficiency of complaint: Conspiracy: Essentials: Per-
sons liable.*

1. In case of a complaint being open to objection for defect of
   parties a demurrer on that ground which does not specifically
   point out wherein the defect consists, naming the party plaint-
   iff or defendant which should have been joined, is insufficient
   to raise the question.
2. A demurrer to the complaint upon the ground that several
   causes of action have been improperly joined is legitimate only
   when two or more good causes of action are pleaded which are
   not joinable.
3. Allegations to the effect that two or more persons, naming them,
   have maliciously combined to produce a separation between
   husband and wife, naming them, causing the former to desert
   the latter, she desiring performance of the marriage contract
   to continue, state a criminal conspiracy under sec. 4466a, Stats.
   (1898), and together with allegations to the effect that the
   purpose of the conspiracy has been consummated to the dam-
   age of the wife, and stating generally the means resorted to
   for that purpose, show a good cause of action in face of a de-
   murrer for insufficiency, even though the allegations or some of
   them may not be sufficiently definite to defeat a motion to make
   more definite and certain.
4. A consummated conspiracy, actionable for the recovery of dam-
   ages at the suit of the injured person, need not as to the con-
   spiracy satisfy every essential of sec. 4466a, Stats. (1898); the
   essentials of a conspiracy at common law are sufficient.

5. Any combination of two or more persons to do a criminal or unlawful act by any means or to do a lawful act by criminal or unlawful means is an actionable conspiracy at common law, and upon the purpose thereof being consummated is actionable by the person injured to recover compensation therefor.

6. It is not necessary to an action to recover compensation for an injury produced by a consummated conspiracy to do an unlawful act that the means resorted to to effect the purpose should be criminal or that the act be criminal: the breaking of a contract is a sufficient unlawful act.

7. The gist of a civil action to recover compensation for injuries caused by a consummated conspiracy is the damage. The major significance of the conspiracy is in that it renders each party to the combination liable to the injured one regardless of the degree of his activity in effecting the unlawful purpose.
[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

Action for damages for an alleged consummated conspiracy to injure. The appeal is from an order overruling a demurrer to the complaint. Those parts of the pleading necessary to be examined upon the appeal are in substance or terms as follows:

Plaintiff and defendant *Frederick H. White, Jr.,* since December 11, 1901, have been husband and wife. Their real home during such time has been in the state of Wisconsin and till the formation of the conspiracy hereafter mentioned they were devotedly attached to each other and lived happily together.

Defendant *Frederick H. White* is a wealthy man and husband of defendant *Frances L. White,* and the two are the parents of plaintiff's husband.

Defendant *Mary A. Stewart* has been a servant in the family of *Frederick H. White* and wife for over twenty years. She is about seventy years of age and largely dependent upon the favor and charity of her employers for future maintenance.

Plaintiff's husband is a weak, irresolute man, but has al-

ways been of sufficient ability to maintain himself and plaint-
iff in a manner becoming their station, and would have done
so but for the acts of defendants hereafter stated, but because
of such acts he became unmindful of his marital duties, de-
serted the plaintiff, and for two years has spent his time in
idleness and dissipation.

Shortly after the marriage of plaintiff and her husband,
the other defendants herein

"maliciously, wrongfully, wickedly, fraudulently conspired,
confederated and agreed together, and for the purpose of sep-
arating the defendant *Frederick H. White, Jr.,* from the
plaintiff, so as to deprive the plaintiff of the support and as-
sistance of her said husband, and to alienate and destroy the
affection of the defendant *Frederick H. White, Jr.,* towards
the said plaintiff, and to prevent and interfere with the said
*Frederick H. White, Jr.,* providing the said plaintiff with the
necessaries of life and discharging the duties of a husband
towards her.

"The plaintiff further alleges that to further carry out the
purpose, agreement, conspiracy, and confederacy of the said
defendants, the defendants have repeatedly urged, induced,
and persuaded the said *Frederick H. White, Jr.,* to desert and
leave his wife, and to go beyond the state of Wisconsin and to
remain therefrom, and furnished his expenses for the express
purpose of carrying out the end and object of said conspiracy
aforesaid; and the said defendants combining as aforesaid so
influenced the said *Frederick H. White, Jr.,* to leave and de-
sert his said wife, by threats that his said parents would dis-
inherit him, and that he would be given no part or parcel of
their vast wealth and estate; that overcome by said influence,
inducements, and entreaties, brought about by the said con-
spiracy, confederacy, and agreement aforesaid, the mind and
disposition of the said *Frederick H. White, Jr.,* has been prej-
udiced and poisoned against the plaintiff, his love and affec-
tion for her destroyed, and the said *Frederick H. White, Jr.,*
did finally join the other defendants named herein in their
nefarious conspiracy and confederacy aforesaid, and did de-
sert and abandon the plaintiff at the city of Waukesha, in the
state of Wisconsin, on or about the 10th day of July, 1905,

and has ever since absented himself from the plaintiff and still continues to desert and forsake her.

"The plaintiff further alleges upon information and belief that some time in the month of August, 1905, and after the said defendant *Frederick H. White, Jr.,* had abandoned and forsaken this plaintiff as aforesaid, the defendants, further concerting and maliciously conspiring together, conceived and planned an unholy scheme to the end and for the purpose of injuring the reputation of this plaintiff by devising ways and means of inducing and enticing her to indulge in unchaste and unvirtuous criminal acts, so that in the event of their success in thus inducing this plaintiff as aforesaid, the same could and would be used, and the defendants designed and intended to use the same, as evidence to secure a divorce from the plaintiff for and on behalf of the defendant *Frederick H. White, Jr.,* and that with the aid of money and means furnished by the defendants in the furtherance and prosecution of said conspiracy, an actual attempt was made to carry out said conspiracy against the good name and reputation of this plaintiff as aforesaid."

The acts aforesaid have destroyed plaintiff's marital life and caused her great unpleasantness and pain of body and mind, to her damage in the sum of $75,000, for which judgment is demanded, with costs.

The defendants demurred on the ground of defect of parties defendant, improper joinder of causes of action, and insufficiency of facts to constitute a cause of action. The demurrer was overruled and defendants appeal.

For the appellants there was a brief by *Ryan, Merton & Newbury,* and oral argument by *T. E. Ryan.* To the point that in order to properly characterize one's acts or conduct it is necessary to consider the circumstances, situation, and relationship which exist, they cited *Leavell v. Leavell* (Mo.) 99 S. W. 460; *Hutcheson v. Peck,* 5 Johns. 196; *Tucker v. Tucker,* 74 Miss. 93, 19 South. 955, 32 L. R. A. 623; *Rice v. Rice,* 104 Mich. 371, 62 N. W. 333; *Huling v. Huling,* 32 Ill. App. 519; *Williams v. Williams,* 20 Colo. 51; *Nichols v. Nichols,* 147 Mo. 387, 48 S. W. 947; *Reed v. Reed,* 6 Ind.

App. 317, 51 Am. St. Rep. 310; *White v. Ross,* 47 Mich. 172, 10 N. W. 188; *Bennett v. Smith,* 21 Barb. 439; *Love v. Love,* 98 Mo. App. 562, 73 S. W. 255; *Barton v. Barton* (Mo.) 94 S. W. 574; *Multer v. Knibbs* (Mass.) 79 N. E. 762.

For the respondent there was a brief by *Clasen & Walsh,* attorneys, and *Tullar & Lockney,* of counsel, and oral argument by *E. D. Walsh* and *D. S. Tullar.*

MARSHALL, J.  The first objection to the complaint is untenable because the supposed defect of parties, whether by reason of the omission of a plaintiff or plaintiffs or a defendant or defendants that should be joined, is not specified. Without such specification a demurrer for defect of parties under sec. 2649 and sec. 2651, Stats. (1898), is insufficient to raise the question. *Emerson v. Schwindt,* 108 Wis. 167, 84 N. W. 186.

The second ground of demurrer seems to be as clearly untenable as the first.  Appellants' counsel contend that the pleader, in next to the last clause of the complaint preceding the prayer for relief, attempted to state a second cause of action, but failed to plead sufficient facts therefor.  Respondent replies that no such attempt was in the mind of the pleader, and that if it were otherwise the attempt was a failure as claimed.  So the real supposed defect sought to be reached by the second ground of demurrer is that of two pretended causes of action only one in any event is sufficiently stated.  Conceding that to be so, there is no improper joinder of causes of action.  A defect of that sort can only exist where there are two or more good causes of action pleaded which cannot be joined. *Bassett v. Warner,* 23 Wis. 673; *Willard v. Reas,* 26 Wis. 540; *Hiles v. Johnson,* 67 Wis. 517, 30 N. W. 721; *Koepke v. Winterfield,* 116 Wis. 44, 47, 92 N. W. 437.

Various suggestions are made in support of the objection to the complaint for insufficiency, which will now be treated in their order.

It may be conceded that if the complaint as to the sufficiency of the conspiracy to render the defendants liable. must be tested by sec. 4466a, Stats. (1898), as if the gist of the action were a wrongful conspiracy, it is the last part thereof that applies, which is in these words:

"Any two or more persons who shall combine, associate, agree, mutually undertake or concert together for the purpose of . . . maliciously compelling another to do or perform any act against his will, or preventing or hindering another from doing or performing any lawful act shall be punished," etc.

It is said that the complaint does not meet the requirements of the quoted language, in that it does not state clearly that the combination was formed for the purpose of compelling the defendant *Frederick H. White, Jr.*, to do anything against his will, or that he was constrained to do against his will what he is alleged to have done. It should be remembered that the purpose of the pleader was not to charge a conspiracy against *Frederick H. White, Jr.*, to his injury or to the plaintiff's injury, but to charge a conspiracy against the latter. The allegations seem ample to show that there was a combination entered into at the start by all of the defendants, except plaintiff's husband, to prevent plaintiff from performing her marital duties, from living with and enjoying the society and support of her husband, and that the husband was efficiently persuaded by them to join the combination and effect its purpose, of substantially the same nature as in *Randall v. Lonstorf*, 126 Wis. 147, 105 N. W. 663. There the court said:

"All these were unlawful constraints upon the plaintiff's actions and will, which the law condemns. There can be no doubt, therefore, that the conspiracy charged was a criminal conspiracy within the statute. Whether it would not be criminal at common law, in the absence of a statute, we need not consider."

What has been said sufficiently answers a claim that it is essential that the conspiracy should be charged substantially

in the language of the statute if the statute is material at all in the matter.   This being a civil action the accuracy required in an information or indictment is not required.   The complaint is to be tested by those liberal rules whereby all facts reasonably inferable from those expressly alleged are to be regarded as efficiently pleaded.

In *Randall v. Lonstorf, supra,* the language of the statute was not used, nor was it any more nearly followed, in effect, than in this case, though it was held, as we have seen, that all the essentials of an unlawful combination thereunder were sufficiently stated by the general allegation that the purpose of the combination was, in effect, that of interfering with or preventing the plaintiff from performing the duties and enjoying the benefits belonging to a wife.

Further it is said that the complaint does not definitely and specifically charge what was done by the defendants to consummate the purpose of the conspiracy.   In that it is really conceded, as it seems, that the pleading states generally what was done in execution of the conspiracy, and that the purpose of the combination was accomplished.   That is sufficient to save the pleading from successful attack on the ground of insufficiency; whether it would be open to attack by motion to make more definite and certain is another question.   Mere uncertainty as to details where the substance of a charge in a complaint in a civil action fairly appears, cannot be reached by demurrer for insufficiency.   That is elementary.   It is alleged that to carry out the conspiracy defendants induced *Frederick H. White, Jr.,* to desert his wife and to leave and remain out of the state; that they furnished him with expense money in order to accomplish their designs, and for the same purpose threatened that his parents, who were very wealthy, would disinherit him if he did not do as desired; that by such means all his affection for plaintiff was destroyed; that he was caused to participate in effecting the purpose of the conspiracy and deserted the plaintiff.   That seems to be a

pretty fair statement of means used to carry out the unlawful purpose of the combination.

The claim made that the complaint does not charge the use of unlawful means is answered by the rule that where the combination itself has for its purpose the doing of an unlawful act the means, as regards whether they are in themselves actionable civilly or criminally, are not material. Speaking on this subject in *Martens v. Reilly,* 109 Wis. 464, 473, 84 N. W. 840, 843, the court said:

"The essentials of a conspiracy, whether viewed with regard to its importance in a criminal prosecution or its significance in a civil action for damages, are commonly described in this general language: It is a combination between two or more persons to do a criminal or an unlawful act or a lawful act by criminal or unlawful means. The word 'unlawful' is not confined to criminal acts. It includes all wilful, actionable violations of civil rights. In any case the object of the combination is what gives it legal significance. If that object be to do an unlawful act in the sense of committing an actionable wrong, the means contemplated by the combination to effect such object are not material to the cause of action, whether such action be to punish the perpetrators for entering into such a combination or to recover of them damages inflicted by carrying out its object. If the object of the conspiracy be the use of unlawful means, whether such means be the violation of the civil or criminal law, the unlawfulness of the end sought to be attained is not controlling either in a prosecution for the offense of so conspiring or an action to recover the damages suffered by the consummation of the wrongful purpose."

It is argued that the relationship of the parties bears on the question of whether the acts alleged, if they occurred, causing the separation of husband and wife, were in bad faith, and numerous cases are cited on that subject, which it does not seem necessary to review at any great length. All are to the effect, merely, that the relationship, in a case of this sort or one analogous thereto, is evidentiary on the subject of malice. In no case cited, or which we have observed,

White v. White, 132 Wis. 121.

is it held that an executed conspiracy to maliciously separate husband and wife is any less actionable because of the conspirators being relatives of one of the parties than it otherwise would be. True, as said in *Reed v. Reed,* 6 Ind. App. 317, 33 N. E. 638, an action against a person for alienating the affections of her son from his wife is not maintainable without satisfactory evidence of malice, and as said in *Hutcheson v. Peck,* 5 Johns. 196, more proof would be required to show malice on the part of a father in inducing his daughter to leave her husband than would be required to show that element in case of a stranger causing the separation. The evidentiary effect of the relationship existing between the parties is one thing, the allegation of the malicious purpose is another; but allegations essential to charge malice and to a cause of action for wrongfully causing such a separation are the same in one case as in the other. Here the combination is distinctly alleged to have been maliciously entered into to cause a separation between plaintiff and her husband and the purpose of the combination to have been effected by means resorted to by the conspirators with that end in view. The pleader was not required to go further. The complaint in that respect seems to be quite as full and explicit as the one in *Randall v. Lonstorf,* 126 Wis. 147, 105 N. W. 663, which it seems was taken as a precedent that might be followed with safety.

Though what has been said following the line of argument of counsel for the appellants goes upon the theory that the unlawful purpose essential to the action must satisfy the calls of sec. 4466*a,* Stats. (1898), as to a conspiracy punishable criminally, such is not the case. Such section does not include all such conspiracies, but is a partial declaration of the common law and amendatory of sec. 4568, Stats. (1898), removing the necessity in certain cases of there being an overt act to complete the offense. As we have seen, quoting from *Martens v. Reilly,* 109 Wis. 464, 84 N. W. 840, any

combination of two or more persons to do an unlawful act affecting injuriously another, which is carried out to that other's damage, gives rise to a cause of action for redress by civil action. The gist of that action, as has been many times said, is the damage, while the major significance of the conspiracy is in that it renders liable to the person wronged each participant in the combination regardless of the degree of his activity in accomplishing the wrongful purpose. That was so fully discussed in the *Martens Case* that it is not deemed advisable to go into the subject at length here. It is not necessary that the wrongful purpose should be the commission of a criminal offense. It is sufficient if it be to commit an act wrongful because of its affording a ground of action, either civilly or criminally. The wilful breach of a contract is sufficient. Speaking on that subject in *Angle v. C., St. P., M. & O. R. Co.* 151 U. S. 1, 14 Sup. Ct. 240, Mr. Justice Brewer said:

"It has been repeatedly held that, if one maliciously interferes in a contract between two parties, and induces one of them to break that contract to the injury of the other, the party injured can maintain an action against the wrongdoer."

Here it is distinctly alleged, as we have seen, that the defendants maliciously combined to produce a breach of the marital contract between plaintiff and her husband against the former's will, and that such purpose was accomplished by means specified, to her damage. As said in the *Martens Case,* that satisfies the legal test of an actionable conspiracy at every point; the damage is stated so as to stand out significantly, independent of the combination; it was produced by the perpetration of a wrongful act, the breach of the marriage contract, and the combination connects all parties with the injury who were guilty participants in the conspiracy.

*By the Court.*—The order is affirmed.

Timlin, J., dissents.