RADUE, Appellant, v. DILL, and others, Respondents.

*No. 75–21. Argued October 4, 1976.—Decided November 3, 1976.*
(Also reported in 246 N. W. 2d 507.)

For the appellant there were briefs by *David L. Walther, John Sundquist* and *Walther & Halling,* and oral argument by *David L. Walther,* all of Milwaukee.

For the respondents there was a brief by *James W. Mohr, Jr.,* and *Whyte & Hirschboeck, S. C.,* and oral argument by *Mr. Mohr,* all of Milwaukee.

HANLEY, J.  The sole issue presented on this appeal is whether the complaint sets forth a cause of action.

■ ■  In Wisconsin civil conspiracy has been defined as a combination of two or more persons by some concerted action to accomplish some unlawful purpose or to accomplish by unlawful means some purpose not in itself unlawful. *Mendelson v. Blatz Brewing Co.* (1960), 9 Wis. 2d 487, 490, 101 N.W.2d 805. The law of civil conspiracy is further characterized in this state by the following:

"It is the established law of this state that there is no such thing as a civil action for conspiracy. There is an action for damages caused by acts pursuant to a conspiracy but none for the conspiracy alone. In a civil action for damages for an executed conspiracy, the gist of the action is the damages." *Singer v. Singer* (1944), 245 Wis. 191, 195, 14 N.W.2d 43.

■  The defendants' contention in support of the demurrer is simply that a conspiracy to give or to procure the giving of false testimony is not civilly actionable. The basis for this argument is the long established rule that statements made during investigatory proceedings and judicial proceedings are absolutely privileged, and therefore acts of perjury may not form the basis of a civil action for damages. *Bergman v. Hupy* (1974), 64 Wis.2d 747, 221 N.W.2d 898; *Schultz v. Strauss* (1906), 127 Wis. 325, 106 N.W. 1066. Such statements are privileged to promote the policy of encouraging witnesses to speak freely without fear of civil liability, and as a result perjury is an offense against the public only and subject only to the criminal law. The defendants argue that since overt acts pursuant to the conspiracy are necessary, there can be no civil action where, as in this case, the only overt acts are privileged acts of perjury. They apparently reason that an act which constitutes no ground of an action when done by one alone cannot be made the ground of such action by

alleging it to have been done by and through a conspiracy of several.

Although this court has never considered the question, the courts of other jurisdictions have uniformly held that a plaintiff may not, by claiming conspiracy, avoid the doctrine that there is no civil action for perjury. *Platts v. Platts* (1968), 73 Wash.2d 434, 438 P.2d 867; Annot., *Actionability of Conspiracy to Give or to Procure False Testimony or Other Evidence,* 31 A.L.R.3d 1423 (1970). These decisions reveal two basic grounds upon which the courts have relied to void this type of action. The first ground is, of course, that privileged acts of perjury may not form the basis of any civil action. The second ground relied upon is that there may be no action for civil conspiracy unless the overt acts causing damage are actionable themselves. *See Platts v. Platts, supra,* at p. 439.

The plaintiff, however, bases his claim for relief upon two arguments, which, he contends, distinguish this case from those of other jurisdictions. First, plaintiff claims that an exception to the general rule against civil actions for conspiracy to commit perjury exists and applies here where the perjury is merely a step in the accomplishment of a larger plan. Second, plaintiff claims that sec. 134.01, Stats., creates a civil cause of action for conspiracy alone.

▮ An action for conspiracy will lie where the perjury is merely a step in the accomplishment of a larger plan. *Verplanck v. Van Buren* (1879), 79 N.Y. 247. The instant case, however, does not fall within this rule. According to the complaint, the only acts complained of are privileged acts of giving false information, and while the plaintiff contends that these acts are only a part of the entire transaction, there is nothing alleged to show any other parts. These acts of perjury appear to be the entire plan. In each of the cases to which plaintiff points in support of his contention, there were either other acts

in furtherance of the conspiracy besides the acts of perjury, or the action involved was one based not solely upon conspiracy but upon fraud and deceit. For example, in *Verplanck v. Van Buren, supra,* the defendants had not only perjured themselves but, as the court pointed out, more importantly had prepared fictious contracts and made false entries into the books of account. In *Frist v. Gallant* (W.D.S.C. 1965), 240 F. Supp 827, the court held that the plaintiff's action charging the defendants with conspiracy to defraud could be based upon perjured testimony, provided all the necessary elements of fraud and deceit were proved. In the case now before this court the claim is one based solely upon an executed conspiracy, the only overt acts of which are the giving of false testimony.

We think, however, that the plaintiff has stated a cause of action which this court has consistently recognized arising from sec. 134.01, Stats., unchanged since 1889 (Ann. Stats., 1889, sec. 4466a), which states:

"Any 2 or more persons who shall combine, associate, agree, mutually undertake or concert together for the purpose of wilfully or maliciously injuring another in his reputation, trade, business or profession by any means whatever, or for the purpose of maliciously compelling another to do or perform any act against his will, or preventing or hindering another from doing or performing any lawful act shall be punished by imprisonment in the county jail not more than one year or by fine not exceeding $500."

The basis for this conclusion is that the plaintiff has alleged the defendants combined for the purpose of injuring the plaintiff in his reputation, trade and profession.

The major thrust of the defendants' argument is that the overt acts which allegedly damaged the plaintiff, the acts of perjury, are privileged and therefore not actionable. Where the acts causing damage are not

actionable, the defendants conclude, there may be no civil action for the conspiracy.

Long ago, however, this court rejected the rule that no action may be maintained against the parties to a conspiracy for damages caused by acts which, if done by individuals severally, would not give rise to a cause of action. *State ex rel. Durner v. Huegin* (1901), 110 Wis. 189, 258–59, 85 N.W. 1046, affd *sub nom. Aikens v. Wisconsin* (1904), 195 U.S. 194, 25 S. Ct. 3, 49 L. Ed. 154. In *State ex rel. Durner v. Huegin, supra,* at p. 259 this court, quoting 1 Eddy, *The Law of Combinations* (1901), p. 398, sec. 503, stated:

> " 'If the proposition is sound that a conspiracy to do certain acts gives a right of action only where the acts agreed to be done, and in fact done, would have involved a civil injury to the plaintiff regardless of any confederation, then the combination is entirely immaterial, and the entire law of civil conspiracy is a superfluous discussion.' "

We recognize that the often quoted statement that "In a civil action against members of a conspiracy for the recovery of damages the gist of the action is the damages," does not state that the gist of the action is the overt acts, as defendants contend. This statement does not impose the rule that the acts which execute the conspiracy must be civilly actionable. It is only the existence of overt acts which is critical, in order that damages occur, not the actionability of the overt acts themselves. This court has consistently adhered to the rule that where the combination itself has for its purpose the doing of an unlawful act, the means, as regards whether they are in themselves actionable civilly or criminally, are not material. *Martens v. Reilly* (1901), 109 Wis. 464, 473, 84 N.W. 840; *White v. White* (1907), 132 Wis. 121, 128, 111 N.W. 1116. In *White v. White, supra,* at p. 129, this court specifically stated that sec.

4466a, Stats. 1898, predecessor to sec. 134.01, Stats., removed the necessity in certain cases of there being an overt act to complete the offense. If the offense results in damage, a civil action arises. "For two or more persons to conspire to do an act to the injury of another which one person acting alone might lawfully do constitutes in this state a legal wrong." *Judevine v. Benzies-Montanye Fuel & Wholesale Co.* (1936), 222 Wis. 512, 524, 269 N.W. 295.

On numerous occasions, this court has held that if a violation of the criminal statute sec. 134.01, Stats., causes damage to a person, a cause of action accrues to him for such a violation. *Judevine v. Benzies-Montanye Fuel & Wholesale Co., supra; Boyce v. Independent Cleaners, Inc.* (1932), 206 Wis. 521, 240 N.W. 132; *Schultz v. Frankfort M., A. & P. G. Ins. Co.* (1913), 151 Wis. 537, 139 N.W. 386; *White v. White, supra; Randall v. Lonstorf* (1905), 126 Wis. 147, 105 N.W. 663. Thus, if the defendants conspired for one of the purposes proscribed by sec. 134.01 and thereby caused damage to the plaintiff, they have committed a civil wrong for which the plaintiff may recover.

Here the complaint alleges that the defendants conspired "for the purpose of wilfully and maliciously injuring the plaintiff in his reputation, trade and profession." This allegation, which on demurrer must be taken as true, places the alleged combination squarely within the criminal proscriptions of sec. 134.01, Stats. The complaint, which further alleges that the plaintiff was thereby injured, therefore states a cause of action.

The public policy of forbidding civil redress for damages caused by perjured testimony in order to prevent the intimidation of witnesses should not be imposed to protect those who conspire to injure another's reputation or profession through the means of perjured testimony.

We note that in order to maintain this action, the plaintiff must prove that the defendants' purpose was as alleged, for if it appears that the defendants' purpose was solely to protect their own interests, as the trial court believed, then the conspiracy falls from the purview of sec. 134.01. A conspiracy for the purpose of committing perjury is an offense against the public only, but a conspiracy for the purpose of injuring another, if it results in damage to the other, is an offense for which there may be recovery.

We conclude that the complaint alleges a cause of action arising from sec. 134.01, Stats. The order sustaining the demurrer is reversed.

*By the Court.*—Order reversed with leave to answer within twenty days after remittitur.