ONDERDONK, Appellant, v. LAMB, and others, Respondents.

*No. 75–355. Submitted on briefs June 2, 1977.—
Decided July 1, 1977.*
(Also reported in 255 N. W. 2d 507.)

For the appellant the cause was submitted on the briefs of *James O. Onderdonk* of Madison.

For the respondents the cause was submitted on the brief of *James C. Herrick* and *Axley, Brynelson, Herrick & Gehl* of Madison.

CONNOR T. HANSEN, J. The plaintiff became acquainted with one Edna E. Taylor in 1953. He and his four children rented or leased certain rooms in the Taylor residence and jointly occupied the premises with Taylor until her death in 1972. Between 1953 and 1972, the plaintiff and Taylor entered into various business arrangements, the nature and extent of which are not set forth in the record.

Upon her death in 1972, Taylor left a substantial portion of her real estate to The Edna Taylor Foundation. The plaintiff had previously been appointed as trustee of the foundation. Taylor's will further provided for the appointment of the plaintiff as executor thereof and devised one-half of the remainder of her estate to the plaintiff.

The respondents, Patricia T. Keepman and Jay P. Keepman, were the daughter and son-in-law of Taylor. The respondents, Francis Lamb and Richard J. Callaway were lawyers engaged at various times by the Keepmans and others. The respondents will hereinafter be referred to jointly as defendants.

In December, 1974, the plaintiff commenced action against the defendants alleging generally that beginning in 1954, and continuing up to and after the death of Taylor, the defendants and others entered into a conspiracy to interfere with and bring about an interruption and the dissolution of the various business arrangements between the plaintiff and Taylor and to deny the plaintiff his rights as trustee, executor and devisee under the Taylor will.

The plaintiff alleged damages in the amount of $750,000 and punitive damages in the amount of $1,500,000.

The defendants demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the plaintiff was given twenty days to replead. The plaintiff appeals.

The proposition to be determined is whether the complaint sets forth facts sufficient to constitute a cause of action.

The rules governing our review on demurrer to a complaint alleging conspiracy are the same as those applicable to other actions. They have been frequently repeated. *See: Int'l Found. Emp. Ben. Plans v. Brookfield,* 74 Wis.2d 544, 548, 549, 247 N.W.2d 129 (1976). This court must confine itself to the face of the pleadings; the pleadings are to be liberally construed with a view to substantial justice between the parties; the pleadings are entitled to all reasonable inferences in favor thereof; and all material well-pleaded facts are taken as true. *State v. Ross,* 73 Wis.2d 1, 3, 4, 242 N.W.2d 210 (1976); *Weiss v. Holman,* 58 Wis.2d 608, 614, 207 N.W.2d 660 (1973). If the complaint states *any* cause of action, a demurrer thereto must be overruled. *Val-Lo-Will Farms v. I. Azoff & Asso.,* 71 Wis.2d 642, 644, 238 N.W.2d 738 (1976).

The complaint alleges conspiracies on the part of the defendants as follows: (1) To interfere with and bring about an interruption to and dissolution of the various business arrangements and related business rights existing between the plaintiff and Taylor; (2) to deny the plaintiff his rights under a current existing and valid lease and a valid bill of sale; (3) to deny the plaintiff his various legal rights in the estate of Taylor including

his rights to property bequeathed to him; (4) to convert and to defraud the plaintiff of his rights and property, vested and future, real and personal; (5) to deny the plaintiff his rights as the trustee of The Edna Taylor Foundation and to inferfere in the internal affairs of the trust; and (6) to deprive the plaintiff of his right to act as an executor in the estate.

In *Radue v. Dill,* 74 Wis.2d 239, 241, 246 N.W.2d 507 (1976), this court set forth the definition of civil conspiracy:

". . . In Wisconsin civil conspiracy has been defined as a combination of two or more persons by some concerted action to accomplish some unlawful purpose or to accomplish by unlawful means some purpose not in itself unlawful. *Mendelson v. Blatz Brewing Co.* (1960), 9 Wis.2d 487, 490, 101 N.W.2d 805. The law of civil conspiracy is further characterized in this state by the following:
" 'It is the established law of this state that there is no such thing as a civil action for conspiracy. There is an action for damages caused by acts pursuant to a conspiracy but none for the conspiracy alone. In a civil action for damages for an executed conspiracy, the gist of the action is the damages.' *Singer v. Singer* (1944), 245 Wis. 191, 195, 14 N.W.2d 43."

*See also: Dalton v. Meister,* 71 Wis.2d 504, 520, 239 N.W. 2d 9 (1976) ; *Cranston v. Bluhm,* 33 Wis.2d 192, 198, 147 N.W.2d 337 (1967) ; *White v. White,* 132 Wis. 121, 129, 130, 111 N.W. 1116 (1907) ; *Martens v. Reilly,* 109 Wis. 464, 473, 84 N.W. 840 (1901).

The gravamen of a civil action for damages resulting from an alleged conspiracy is thus not the conspiracy itself but rather the civil wrong which has been committed pursuant to the conspiracy and which results in damage to the plaintiff. The resultant damages in a civil conspiracy action must necessarily result from overt

acts, whether or not those overt acts in themselves are unlawful. *Radue, supra,* 244. Such a conclusion was reached by the federal court in *Weise v. Reisner* (E.D. Wis. 1970), 318 Fed. Supp. 580, 583:

". . . However, in an action for civil conspiracy, it is not the conspiracy, as such, that constitutes the cause of action, but the overt acts that result from it. Thus, any concomitant damage to the plaintiffs stems from the acts done in furtherance of the conspiracy, not from the conspiracy itself. See Hoffman v. Halden, 268 F.2d 280, 295 (9th Cir. 1959)."

To state a cause of action for civil conspiracy, the complaint must allege: (1) The formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting from such act or acts. *See: Wise v. Southern Pacific Company,* 35 Cal. Rptr. 652, 660 (1963), and cases cited therein. The criteria are the same whether the conspiracy is based upon concerted action to accomplish some unlawful purpose or upon concerted action to accomplish some lawful purpose by unlawful means. The complaint must state what was done in the execution of the conspiracy and that the purpose of the combination was accomplished. *White, supra,* 127, 130; *Martens, supra,* 473.

In 15A C.J.S., *Conspiracy,* sec. 24, pp. 675–677, it is stated:

"The wrongful acts, done in pursuance of the conspiracy, which constitute the grounds or gravamen of the action, whether single or several, must be set out with the same certainty and particularity as in an ordinary civil action, against a single defendant, growing out of tortious acts of the same general character, primarily, so that the opposite party or parties will be apprised of what they will be called on to answer, and for the further reason that, if the facts well pleaded should be ad-

mitted, the court would be enabled to draw the proper legal conclusions therefrom.

"...

· "Facts should also be alleged which show that the acts done in pursuance of the conspiracy were illegal or wrongful, or that they were done for an unlawful purpose or by an unlawful means, unless the alleged conspiracy itself has for its purpose the doing of an unlawful act. An averment that a party has acted unlawfully without showing what he did is not sufficient as an averment of issuable facts, and, on the other hand, an allegation of a lawful act is not sufficient to support a charge of conspiracy."

The plaintiff's complaint fails in two respects: (1) It fails to state with any specificity the acts, unlawful or otherwise, engaged in by the defendants in furtherance of the conspiracy; and (2) it fails to state that the purposes of the conspiracy were in fact accomplished so as to result in damage to the plaintiff.

From our review of the complaint, we find that it does contain two allegations that the defendants sought to abrogate and/or cancel a lease and various business arrangements between the plaintiff and Taylor. These specific factual allegations would be pertinent to the plaintiff's allegations concerning the disruption of his business arrangements and the denial of his rights under a current lease. There is no averment, however, that a valid contract or contracts existed between the plaintiff and Taylor; no allegation as to the nature or extent of such contracts; no allegation as to a breach thereof; and no allegations as to how the defendants improperly and maliciously sought to accomplish their objective.

As to the plaintiff's other general allegations of conspiracy, the complaint is devoid of any act or acts which the defendants did in furtherance of those conspiracies. The complaint contains merely conclusory allegations that such malicious, unlawful, improper, or illegal acts

occurred, without allegations relating to the nature of the acts or as to how or why the acts were of the character described by the plaintiff.

Both the plaintiff and the defendants in their briefs refer to the fact that all conspiracy allegations alleged to have occurred since the death of Taylor involve legal proceedings initiated by the defendants in the lower courts to remove the plaintiff as executor of the will; to remove the plaintiff as trustee of the foundation; and apparently to divest the plaintiff of property devised to him by the will. The plaintiff, moreover, refers to several other factual matters which do not appear in the pleadings nor in the record.

Any and all factual matters referred to in the briefs which are not set forth in the complaint are disregarded. In ruling on a demurrer this court and the trial court below are bound by the pleadings and may not add factual matters *dehors* the pleadings to aid or defeat the allegations therein. *Ortman v. Jensen & Johnson, Inc.,* 66 Wis.2d 508, 517, 225 N.W.2d 635 (1975); *Estate of Rosenstein,* 47 Wis.2d 494, 497, 177 N.W.2d 372 (1970); *Peters v. Peters Auto Sales, Inc.,* 37 Wis.2d 346, 348, 155 N.W.2d 85 (1967).

Even if it could be held that the allegations of the complaint state sufficient factual assertions of overt acts carried out by the defendants in furtherance of the conspiracies, the complaint is devoid of any allegations that connect those acts with any damage to the plaintiff. There is no allegation that the object or purpose of any conspiracy was in fact accomplished so as to result in damage. The failure of the plaintiff to adequately allege how he was damaged by the acts of the defendants renders his complaint defective. The trial court properly sustained the demurrer.

The defendants ask that double costs be imposed upon the plaintiff because of the inclusion in his brief of matters not contained in either the pleadings or the record. An award of double costs is discretionary with this court. Sec. 251.23(3), Stats.

We do not deem this to be an appropriate case in which to impose double costs. It is true, the plaintiff failed to conform to the requirements of sec. 251.34(3), Stats., when he included in his brief many facts not in the record. The error was, however, under these circumstances, quite obvious. The pleadings in this case constitute the record to which this court directs its attention; therefore, there was no possibility of having the unsupported facts set forth in the plaintiff's brief influence the outcome of the decision. Moreover, the inclusion of the facts required no extensive or additional briefing by the defendants as is the case when an appendix fails to conform to the rules and the printing of a supplemental appendix is necessitated. Here the defendants were not required to supply facts or testimony or documents omitted by the plaintiff.

The order of the trial court is affirmed and the cause remanded.

*By the Court.*—Order affirmed and cause remanded.