Marjorie E. SCARPACE, Plaintiff-Appellant,

v.

SEARS, ROEBUCK & COMPANY, a foreign corporation, and John Zander and Donald R. Beaver, Defendants-Respondents.

Supreme Court

*No. 82–500. Submitted on briefs June 2, 1983.—Decided July 1, 1983.*

(Also reported in 335 N.W.2d 844.)

For the plaintiff-appellant there were briefs by *Frank J. Schiro, James K. Muehlbauer* and *Salza & Schiro, Ltd.*, Milwaukee.

For the defendants-respondents, Sears, Roebuck & Company and John Zander, there was a brief by *Patrick W. Schmidt, Mark E. Sanders* and *Quarles & Brady*, Milwaukee.

For the defendant-respondent, Donald R. Beaver, there was a brief by *Michael P. Malone, Kathleen E. Bonville* and *Zirbel, Howard & Malone, S.C.*, Milwaukee.

STEINMETZ, J. The issue is whether under the facts presented the plaintiff-employee, Marjorie Scarpace, can maintain an action for wrongful discharge against her employer, Sears, Roebuck & Company. There is also an additional issue of whether the plaintiff's complaint stated a cause of action for civil conspiracy.

The wrongful discharge issue is governed by *Brockmeyer v. Dun & Bradstreet*, No. 81–2024, filed this same date. In *Brockmeyer* this court recognized a public policy exception to the employment at will doctrine, but rejected the notion that in each employment at will contract there was a duty to discharge in good faith. Therefore, we need only determine whether the defendant-employer's termination of the plaintiff violated a fundamentally stated public policy.

Marjorie Scarpace worked as a salesperson at the Brookfield, Wisconsin, Sears store for approximately four years. On or about September 10, 1980, she alleged-

ly sustained non-work related injuries that prevented her from returning to work. On the advice of her personal physician, and after notifying Sears and John Zander, the personnel manager of Sears, of the injury, she remained away from work in order to recover from her injuries.

Scarpace contends that Zander refused to properly consider her medical excuse, continually harassed her and threatened her with dismissal if she did not return to work "immediately." After remaining home for almost six weeks, Scarpace returned to work on a limited basis after conferring again with her physician. On or about October 28, 1980, Zander threatened to fire Scarpace if she did not work all of her scheduled hours. She was subsequently discharged after Scarpace claimed that she was physically unable to work her scheduled hours.

Scarpace filed suit on June 11, 1981, in the circuit court for Waukesha county, the Honorable Robert T. McGraw, seeking damages for wrongful discharge and civil conspiracy to bring about the wrongful discharge. Defendants filed motions to dismiss which were granted on February 16, 1982. Scarpace appealed to the court of appeals, which then requested certification to this court. The certification request was granted on January 11, 1983.

Scarpace has not attempted to fit her cause of action into the public policy exception and has only argued that her discharge was in bad faith. It is apparent that the plaintiff neglected to contend that her termination fell within the public policy exception because her discharge violated no public policy. Scarpace was terminated for legitimate business reasons. She was unable to work her assigned hours. It is irrelevant whether Sears could have or should have acted in better faith when making its termination decision.

Regarding the civil conspiracy claim, *Onderdonk v. Lamb,* 79 Wis. 2d 241, 246, 255 N.W.2d 507 (1977), sets forth the requirements to allege a civil conspiracy. Civil conspiracy is defined " 'as a combination of two or more persons by some concerted action to accomplish some unlawful purpose or to accomplish by unlawful means some purpose not in itself unlawful.' " It follows that Scarpace's conspiracy claim relies on her wrongful discharge. Because we have already determined that her termination was not unlawful, the trial court's dismissal of the conspiracy claim was correct.

While we believe that under the facts as pleaded Scarpace cannot maintain a wrongful discharge action, in the interest of justice we will allow the plaintiff an opportunity to amend her complaint if she can state facts that would bring her discharge within the public policy exception. Accordingly, the circuit court's judgment dismissing the complaint with prejudice is modified to be a dismissal with leave for the plaintiff to file, within 30 days of remittitur, an amended complaint stating a claim under the cause of action for wrongful discharge recognized by this court in *Brockmeyer v. Dun & Bradstreet.*

*By the Court.*—The judgment of the circuit court is modified and as modified, affirmed.

DAY, J. (concurring). I concur with the result but disagree with the establishment by the majority of a "public policy" exception to the law applicable to discharge of "at will" employees for the reasons set out in my concurrence in the case of *Brockmeyer v. Dun & Bradstreet,* 113 Wis. 2d 561, 335 N.W.2d 834 (1983).

I am authorized to state the JUSTICES WILLIAM G. CALLOW and LOUIS J. CECI join in this concurring opinion.